ALLEN L. ERICKSON, as Administrator of the Estate of DAVID ERICKSON, Deceased, et al., Respondents, *v.* TOWN OF HENDERSON, Appellant; COUNTY OF JEFFERSON et al., Respondents.

Fourth Department, June 27, 1968.

*Kinkley & Burns* (*Luke A. Burns, Jr.*, of counsel), for appellant.

*Scanlon, Wilmott, Aylward & Wisner* (*John V. Aylward* of counsel), for YMCA, respondent.

*Dunk, Conboy, McKay & Bachman* (*Carl O. Bachman* of counsel), for Adams Electric and Gas Corp., respondent.

BASTOW, P. J. The issue presented is whether or not this wrongful death action was timely commenced as mandated by the applicable statutes. (Town Law, § 67; General Municipal Law, § 50-i). The intestate of plaintiff administrator, it is alleged, met his death on July 23, 1964 by the concurring acts of negligence of appellant town and the other named corporate defendants, which are not parties to this appeal.

The administrator was appointed on July 18, 1966—five days short of the second anniversary of the death of intestate. On July 22, 1966 notice of claim and summons and complaint were served simultaneously on the Town Clerk. The motion of the town to dismiss the action on the ground the court lacked jurisdiction was denied and the town appeals.

Section 130 of the Decedent Estate Law (now EPTL 5-4.1) provides that a wrongful death action must be commenced within

two years after decedent's death. Requirements for the giving of notice of claim asserting a tort liability as a condition precedent to an action against a municipality apply to a wrongful death action (*Hawkins* v. *County of Oneida,* 297 N. Y. 393). The statutory time to begin such an action commences from the date of death and not the date of the appointment of a legal representative (*McDonough* v. *Cestare,* 3 A D 2d 201).

Section 67 of the Town Law provides that any claim made against a town " for damages for wrong or injury to person or property or for the death of a person " shall be made and served in compliance with section 50-e of the General Municipal Law and an action upon the claim shall be commenced pursuant to the provisions of section 50-i of the same law.

Section 50-e provides that in any case founded on tort where a notice of claim is required by law as a condition precedent to commencement of an action such notice " shall be given within ninety days after the claim arises." The foregoing words — " after the claim arises " — have been construed in two wrongful death actions (*Joseph* v. *McVeigh,* 285 App. Div. 386, affd. 309 N. Y. 877 and *Buduson* v. *Curtis,* 285 App. Div. 517, affd. 309 N. Y. 879) where it was held that the statutory period for filing notice of claim begins to run from the time of appointment of an estate representative and not from the happening of the event causing death. This decisional law mandates a holding that the notice of claim herein was timely served inasmuch as such act took place within 90 days after the appointment of plaintiff administrator.

The other issue presented — whether the action was timely commenced — requires brief exploration of the historical background of section 50-i. Prior to 1959 there was no uniform provision relating to time provisions for commencing actions against municipal corporations. Section 67 of the Town Law, for instance, in 1959 provided that no such action could be commenced until 15 days had expired after the service of notice of claim or subsequent to one year " after the cause of action accrued." Thus, under that statutory provision the instant action would have been timely instituted because " A cause of action may be said to accrue when the plaintiff has a right to commence an action " (*Christian* v. *Village of Herkimer,* 5 A D 2d 62, 64, affd. 5 N Y 2d 818) and, as we have seen, decisional law has established that such a wrongful death action " arises " when an estate representative is appointed and not when the event causing death happened.

All of this was changed by chapter 788 of the Laws of 1959 which extensively amended several chapters of the Consolidated

Laws (including section 67 of the Town Law) and added section 50-i to General Municipal Law. This enactment was recommended by the Joint Legislative Committee on Municipal Tort Liability. The comments of the committee make clear the legislative intent ( N. Y. Legis. Doc., 1959, No. 36, p. 21): '' A one year limitation upon commencement of actions now exists as to all municipalities. However, the one year period runs in some laws from the happening of the event upon which the claim is based, in others from the accrual of the cause of action. * * * This bill eliminates that uncertainty by expressly providing that the period runs from the happening of the event.''

The newly enacted section 50-i of the General Municipal Law, so far as here pertinent, provides that a tort action against a municipality may not be maintained unless there is compliance with three conditions: (a) notice of claim shall have been served in compliance with section 50-e; (b) the complaint shall contain an allegation that at least 30 days have elapsed since service of notice and that adjustment or payment has been neglected or refused and (c) the action shall be commenced within one year and 90 days '' after the happening of the event upon which the claim is based.''

Special Term reasoned that inasmuch as under decisional law a party is entitled to the full two-year statutory period within which to apply for, receive letters of administration and serve notice of claim it would be an anomaly not envisioned by the Legislature to require that an action be instituted within one year and 90 days after the '' happening of the event.'' But here, as we have seen, this was the precise and stated legislative intent.

In other words the Legislature apparently recognized that there were excellent reasons (elaborated upon in *Joseph* v. *McVeigh, supra* and *Buduson* v. *Curtis, supra*) why the beneficiaries of a wrongful death action should not be foreclosed by failure within 90 days from the happening of the event causing death to have an estate representative appointed and notice of claim served. By the 1959 enactment, however, the Legislature in substance notified such beneficiaries that they could not have the full period of two years (Decedent Estate Law, § 130; EPTL 5-4.1) but that such an action must be commenced within one year and 90 days from the happening of the event.

This places no unreasonable burden on the beneficiaries of such an action. They are given one year to have an estate representative appointed and another 90 days within which to serve notice of claim. The action must be commenced before the expiration of the two periods. Moreover, it must be kept in mind

that the primary purpose of section 50-e is to give a municipality prompt notice of tort claims, so that investigation may be made before it is too late for such action to be efficient (*Winbush* v. *City of Mount Vernon,* 306 N. Y. 327, 333).

Respondents contend, however, that section 50-i applies only to actions " for personal injury or damage to real or personal property." It is suggested that if the Legislature had otherwise intended it would have added the words " or for the death of a person." This contention overlooks the express language of section 67 of the Town Law (as amd. by L. 1959, ch. 788) which mandates that claims " for wrong or injury to person or property or for the death of a person " shall be served in compliance with section 50-e and every action shall be commenced pursuant to the provisions of section 50-i.

It follows that although the time (90 days) for service of notice (General Municipal Law, § 50-e) in a death claim does not commence to run until the appointment of an estate representative, section 50-i of the same law clearly mandates that any action based on such a claim must be commenced within one year and 90 days after the happening of the event upon which the claim is based. This distinction was recognized by Mr. Justice CALLAHAN in writing for the court in *Joseph* v. *McVeigh,* (285 App. Div. 386, 391, *supra*) : " Short Statutes of Limitation still prevail as to suits against municipalities upon these claims in most instances. (See, e. g., *Sullivan* v. *City of Watervliet,* 285 App. Div. 179.) In New York City, the limitation is still one year (Administrative Code of City of New York, § 394a-1.0), and excessive delay in serving notice of claim is thus insured against."

Lastly, to avoid the obvious defect in the complaint — failure to comply with the additional provision of section 50-i by the inclusion of an allegation that 30 days had elapsed after service of notice of claim — plaintiffs were permitted to serve an amended complaint. It is unnecessary to pass on this issue inasmuch as we conclude that the court lacked jurisdiction to entertain the action because it had not been commenced within one year and 90 days from the happening of the event causing death.

The order should be reversed and the motion to dismiss the complaint as to the town granted.

DEL VECCHIO, MARSH, WITMER and HENRY, JJ., concur.

Order insofar as appealed from unanimously reversed and motion granted to dismiss complaint as to the defendant Town of Henderson, all without costs.