■ RITA E. PHILLIPS, as Administratrix of the Estate of WALTER PHILLIPS, SR., Deceased, Appellant, v VILLAGE OF WATERFORD, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered November 16, 1971 in Saratoga County, which dismissed the complaint and from a judgment entered thereon. The plaintiff's husband disappeared on

September 15, 1963. On July 13, 1968 facts were learned which established that he probably had died on the date of his disappearance in 1963. Accordingly, the plaintiff on August 15, 1968 filed a notice of claim; was thereafter granted letters of administration on July 15, 1969 and then commenced this action on August 4, 1969. The primary issue before Special Term and again upon this appeal is whether or not the action was timely commenced on August 4, 1969 pursuant to the provisions of section 50-i of the General Municipal Law. In 1968 the Appellate Division in the Fourth Department held in *Erickson v Town of Henderson* (30 AD2d 282) that the time limitation in subdivision 1 of the subject statute was to be computed from the date of the event, i.e., death, in a wrongful death action. In 1969 the same court in *Zeitler v City of Rochester* (32 AD2d 728) noted that the time limitation was by virtue of subdivision 2 of the subject statute intended to preclude the application of the tolling provisions of CPLR 204 (subd [a]). (See, also, *Joiner v City of New York,* 26 AD2d 840.) As held in the case of *Erickson v Town of Henderson (supra),* the time limitations for actions governed by section 50-i of the General Municipal Law do not commence upon accrual of the cause of action but rather upon the happening of the event causing the damage. The plight of a person such as the plaintiff herein who has no knowledge of the event is unfortunate when measured by subdivisions 1 and 2 of section 50-i, however, the Legislature has not seen fit to amend the statute since the interpretations in *Erickson* and *Zeitler.* Order and judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.