Howard A. Zeller, J.
Plaintiff, Rosemary Cota, commenced this negligence action to recover money damages for personal injuries allegedly sustained as the result of a collision of motor vehicles. It is governed by the no-fault insurance law (Insurance Law, art XVIII). On March 3, 1975 an auto driven *647 by Ms. Cota and a school bus owned by defendant Madison Central School District (School District) and operated by defendant Leon P. Slate collided in the Village of Madison. Plaintiff served a notice of claim upon the School District on June 2, 1975 alleging the bus driver was negligent. A summons and complaint were served on the School District on January 19, 1977. Plaintiff does not claim a "serious injury” under paragraph (a) of subdivision 4 of section 671 of the Insurance Law; she alleges a serious injury under paragraph (b) "in that she has incurred hospital, medical and prescription drug charges exceeding $500.00”. (See CPLR 3016, subd [g].) The School District moves for judgment dismissing the complaint under CPLR 3211 (subd [a], par 5) on the ground the action is barred by a Statute of Limitations.
The School District contends plaintiff’s action was not commenced within one year and 90 days after the happening of the event upon which the claim is based, as required by section 50-i of the General Municipal Law. Plaintiff claims she could not have commenced suit within one year and 90 days after the accident because it was not until December 27, 1976 when a prescription drug purchase amounting to $4.25 brought her total hospital, medical and prescription drug charges to over $500.
Subdivision 1 of section 50-i of the General Municipal Law reads in part: "No action * * * shall be prosecuted or maintained against a * * * school district for personal injury * * * alleged to have been sustained by reason of the negligence or wrongful act of such * * * school district or of any * * * employee thereof * * * unless * * * the action * * * shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.”
Before 1959 there was no uniform rule regarding the commencement and limitation of actions against municipalities. (Erickson v Town of Henderson, 30 AD2d 282, 284.) The hodge-podge of time periods and methods of computation was changed by section 50-i of the General Municipal Law (L 1959, ch 788). Anent legislative intent, the comments of the Joint Legislative Committee on Municipal Tort Liability (NY Legis Doc, 1959, No. 36, p 21) are pertinent: "A one year limitation upon commencement of actions now exists as to all municipalities. However, the one year period runs in some laws from the happening of the event upon which the claim is based, in others from the accrual of the cause of action * * * This bill *648 eliminates that uncertainty by expressly providing that the period runs from the happening of the event.” (Cited in Erickson v Town of Henderson, supra, p 285.) The Legislature wanted to make "uniform provisions relating to the commencement of actions against municipal corporations”. (Governor’s Memorandum, NY Legis Ann, 1959, p 458.)
Legislative intent is the primary consideration of the courts in construing a statute. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92.) The Legislature intended the time limitation for actions under section 50-i of the General Municipal Law to commence not upon the accrual of plaintiff's cause of action, but when the accident occurred. (In accord see Phillips v Village of Waterford, 48 AD2d 745.) Plaintiff argues she could not commence an action until her no-fault charges exceeded $500. However, if the statute were computed from the date of accrual of her claim, the Legislature’s intent would be violated. A plaintiff’s no-fault charges might not total $500 until several years after the accident; a Statute of Limitations that could not commence until such a speculative future occurrence is hardly the precise time limit envisioned by the Legislature. This result might seem harsh, but "the intent of the Legislature is controlling and must be given force and effect, regardless of the circumstance that inconvenience, hardship, or injustice may result”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, p 180; cf. Camarella v East Irondequoit Cent. School Bd, 34 NY2d 139, 142.)
Plaintiff argues that a later statute, section 673 of the Insurance Law, cannot be harmonized with an earlier statute, section 50-i of the General Municipal Law, and the later statute should control. This would result in a repeal by implication. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 391, p 552.) Such repeals are disfavored and no repeal occurred here. (See, generally, text accompanying McKinney’s Cons Laws of NY, Book 1, Statutes, § 391.)
The School District’s motion is granted.