■ ROSEMARY COTA, Appellant, v MADISON CENTRAL SCHOOL DISTRICT et al., Respondents.—Order, Supreme Court, Madison County, entered March 8, 1977, affirmed, without costs, on the opinion of Zeller, J., at Special Term. Sweeney, J. P., Kane, Staley, Jr. and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. *Phillips v Village of Waterford* (48 AD2d 745) had its genesis in *Joiner v City of New York* (26 AD2d 840) which gave rise to the rule that subdivision 2 of section 50-i of the General Municipal Law precludes application of the tolling provisions of CPLR 204. However, *Joiner* meant only to preclude application of CPLR 204 to the statutory stays contained in the General Municipal Law *(Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, affd 42 NY2d 918). Courts have held other tolling provisions of CPLR article 2 applicable to section 50-i, such as the toll for infants and incompetents pursuant to CPLR 208, the six-month extension granted by CPLR 205 and the 60-day extension for delivery to the Sheriff pursuant to CPLR 203. There is no reason to restrict application of CPLR 204 to the circumstances of this case. The restrictions against bringing a lawsuit contained in the "no-fault" provisions of the Insurance Law toll the running of the Statute of Limitations contained in section 50-i of the General Municipal Law until a plaintiff reaches the $500 threshold required by the Insurance Law. The plaintiff's lawsuit was timely commenced. The judgment should be reversed. [89 Misc 2d 646.]