■ MICHAEL DOYLE et al., Respondents, v 800, INC., et al., Defendants, ROBERT BASSOLINO, Respondent, and CITY OF YONKERS, Appellant.—In an action to recover damages for the negligent reconstruction of a house and for the negligent issuance of a certificate of occupancy therefor, defendant City of Yonkers appeals from an order of the Supreme Court, Westchester County, entered January 15, 1979 which (1) denied its motion to dismiss the complaint as against it pursuant to CPLR 3211; and (2) granted plaintiffs' application in the nature of a cross motion to deem the summons and complaint a notice of claim. Order reversed, on the law, without costs or disbursements, appellant's motion is granted and plaintiffs' application is denied. The only cause of action against the defendant City of Yonkers is based on the allegedly negligent issuance of a certificate of occupancy for a house which was not structurally sound, which, in fact, was sinking. The certificate in question was issued following certain repairs which were made to the premises after an original certificate had been revoked when the house had begun to settle. Plaintiffs bring this action in tort, claiming that

the city was on notice as to the defect, having previously revoked the certificate for the same problem. Although plaintiffs state a valid cause of action under these circumstances, such cause of action is barred by the Statute of Limitations embodied in section 50-i of the General Municipal Law. This section requires that any action for alleged negligence brought against a municipality must be brought "within one year and ninety days *after the happening of the event* upon which the claim is based" (emphasis supplied). Plaintiffs claim that they were unaware of the city's negligence until two years after the issuance of the certificate of occupancy, and therefore, could not have possibly brought a timely action. Thus, they argue strenuously that the period of limitations could not have begun to run until such time as the negligent act and injury had been discovered. New York case law has firmly established that under section 50-i, the period of limitations is not tolled pending discovery by the plaintiff of his injuries or damages. In *Erickson v Town of Henderson* (30 AD2d 282) the issue was whether a wrongful death action had been timely commenced against a municipality. Although decedent's administrator had not been appointed until some two years after decedent's death (and immediately filed his action thereafter), the court held that the one year and 90-day period of limitations had expired. Citing the Joint Legislative Committee on Municipal Tort Liability, the court concluded that section 50-i eliminates any past uncertainty as to the time when the period of limitations commences. Under this section the period runs not from the accrual of the cause of action, but rather, from the happening of the event. (See *Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102; *Band v Town of Colonie,* 36 AD2d 785.) Thus, plaintiffs' action was not timely brought against this municipal defendant and must be dismissed (as to this defendant only) albeit the fact that plaintiffs were unaware of the damages about to befall upon them. Having concluded the action is barred by the Statute of Limitations other issues raised on this appeal are academic. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.