OPINION OF THE COURT

Per Curiam.

Section 50-i of the General Municipal Law requires that an action against a municipality for personal injury or property damage be commenced within one year and 90 days after “the happening of the event upon which the claim is based.” In Erickson v Town of Henderson (30 AD2d 282), a wrongful death case, this language was held to bar an action commenced more than one year and 90 *1013 days after the happening of the event causing death (30 AD2d, at p 286) even though the court acknowledged that under an accrual rule the action would have been timely (30 AD2d, at p 284). Since Erickson, courts have uniformly concluded that'the limitation period begins to run upon the happening of the event, irrespective of when the action accrued (e.g., Doyle v 800, Inc., 72 AD2d 761; Phillips v Village of Waterford, 48 AD2d 745, 746; Cota v Madison Cent. School Dist., 89 Misc 2d 646, affd 62 AD2d 1083). In our view, the plain language of the statute admits of no other interpretation. If the statute is to be amended, that must be accomplished by legislative action and not judicial fiat.
Accordingly, the order of the Appellate Division should be affirmed, with costs.