■ VINCENT NEBBIA, Appellant, v COUNTY OF MONROE, Respondent. — Order unanimously affirmed, without costs. Memorandum: Plaintiff com-

menced this action against defendant on July 16, 1982, alleging that defendant and its agents had severed his lateral line from the main sewer line in June, 1979 causing sewage to back up on his property in May and June of 1982. Special Term found that plaintiff's action was barred by the Statute of Limitations since it was commenced more than one year and 90 days after the "happening of the event upon which the claim is based" (General Municipal Law, § 50-i, subd 1, par [c]). Plaintiff contends that this case is controlled by the Court of Appeals decision in *Meruk v City of New York* (223 NY 271, 276) where the court stated that "where a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act". Plaintiff's reliance on *Meruk* is misplaced. The statute at issue in *Meruk* provided that " 'no action thereon shall be maintained against said city unless such action shall be commenced within one year *after the cause of action therefor shall have accrued' "* (*Meruk v City of New York, supra,* p 274, quoting New York City Charter, § 261, as amd by L 1912, ch 452; emphasis added). The limitation period involved in *Meruk* was, thus, measured from the accrual of plaintiff's cause of action. In *Klein v City of Yonkers* (53 NY2d 1011, 1013), the Court of Appeals stated that, in interpreting section 50-i of the General Municipal Law, "the limitation period begins to run upon the happening of the event, irrespective of when the action accrued". The event upon which plaintiff's case is based is not the backup of sewage on his property in 1982, but the severance of his lateral line in June, 1979 which caused plaintiff's property damage. Special Term properly dismissed plaintiff's complaint since plaintiff failed to commence this action within one year and 90 days after the severance of his lateral line. "[T]he plain language of the statute admits of no other interpretation" (*Klein v City of Yonkers, supra,* p 1013). (Appeal from order of Supreme Court, Monroe County, White, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.