WILLIAM J. KIERNAN et al., Appellants, v GLORIA THOMPSON, Defendant, and CITY OF ITHACA, Respondent.

Third Department, December 23, 1987

## APPEARANCES OF COUNSEL

*Mulvey Law Firm (Elaine L. Quick* of counsel), for appellants.

*Levene, Gouldin & Thompson (John L. Perticone* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Plaintiff Theresa Kiernan (hereinafter plaintiff) allegedly fell due to a defective sidewalk at 319 South Albany Street in the City of Ithaca, Tompkins County, on April 29, 1985. Plaintiffs served a notice of claim dated May 20, 1985 against defendant City of Ithaca and thereafter instituted suit. A complaint served on July 15, 1985 alleged, *inter alia,* that plaintiff's injuries were caused by the city's negligence in failing to repair the sidewalk. The city moved for summary judgment dismissing the complaint against it claiming that it had not received prior written notice of the alleged defective condition of the sidewalk as required by Ithaca City Charter § 7.10.

Plaintiffs cross-moved to amend the complaint to allege affirmative negligence on the city's part in creating a crack in the sidewalk when the city removed a tree stump. The tree stump removal occurred on December 7, 1982. The city opposed plaintiffs' motion to amend their complaint on the ground that any claim based on that act of the city was time barred since it occurred more than one year and 90 days prior to plaintiff's fall. An action against a municipality for personal injury must be commenced within one year and 90 days from the "happening of the event upon which the claim is based" (General Municipal Law § 50-i [1] [c]).

Supreme Court, in granting the city's motion for summary judgment, agreed with the city's argument that the removal of the tree stump was the "happening of the event" which initiated the running of the limitations period under General Municipal Law § 50-i. Supreme Court also denied plaintiffs' cross motion to amend their complaint, although the city did

not claim it would be prejudiced by the amendment. This appeal ensued.

The order granting the city's motion for summary judgment dismissing the complaint against it and the judgment entered thereon should be reversed. The city's motion should be denied and plaintiffs' cross motion to amend the complaint to allege affirmative negligence should be granted.

The proposed amended complaint asserts a cause of action based on the affirmative negligence of the city in negligently creating the unsafe condition of the sidewalk which caused plaintiffs' injuries and damages by removing a tree stump on December 7, 1982. A city has a continuing duty to maintain its public sidewalks in a reasonably safe condition for pedestrians *(Klepper v Seymour House Corp.,* 246 NY 85, 95, 98; *see, Rapf v Suffolk County,* 755 F2d 282, 290; *see also,* 4C Warren, Negligence in the New York Courts, Sidewalks, §§ 3.01, 6.04, at 178-179, 220 [3d ed]). In such situations, the failure to give the prior written notice mandated by local law does not require dismissal *(Hogan v Grand Union Co.,* 126 AD2d 875; *Muszynski v City of Buffalo,* 33 AD2d 648, *affd* 29 NY2d 810). In *Rehfuss v City of Albany* (118 AD2d 987), this court held: "Notice provisions, such as the one contained in the local law involved in this case, are in derogation of the common law and must be strictly construed *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). They are inapplicable in some circumstances, including, among others, situations where the municipality has itself precipitated the accident by its own affirmative act *(Haviland v Smith,* 91 AD2d 764; *see, Klimek v Town of Ghent,* 114 AD2d 614) or where the defective condition constitutes a special use of the sidewalk or street."

Supreme Court, in reaching its decision in the case at bar, relied on *Klein v City of Yonkers* (53 NY2d 1011), where the plaintiff sought damages for destruction by fire of a building he purchased in 1969 in reliance on a certificate of occupancy negligently and fraudulently issued by a city in 1964. The plaintiff incurred damages in a 1973 fire and commenced the action within one year and 90 days of the fire. The Court of Appeals held that the fire did not constitute the "happening of the event" under General Municipal Law § 50-i; the limitations period began to run at the negligent issuance of the certificate by the city in 1964.

The case at bar is distinguishable from *Klein (supra).* Here, the active negligence of the city created the unsafe condition

of the sidewalk causing plaintiffs' injuries and damages. This was a continuing act of negligence, a continuing breach of the city's duty to maintain the sidewalk in a safe condition, and a continuing nuisance. "Nuisance and negligence at times so nearly merge into each other that it is difficult to separate them" *(Klepper v Seymour House Corp., supra,* at 92). As in *Rapf v Suffolk County (supra,* at 290, 292), here the unsafe condition occurred anew each day the condition continued. This differs from the isolated acts occurring in *Klein* and *Nebbia v County of Monroe* (92 AD2d 724, *lv denied* 59 NY2d 603 [where a sewer line was severed in 1979 which caused sewage to back up onto the plaintiff's property in 1982]). Moreover, unlike the occurrence in *Klein* and *Nebbia,* where the acts of negligence occurred on private property, the act creating the unsafe condition in the case at bar occurred in the public right-of-way. In such circumstances, the accident to plaintiff should be deemed the "happening of the event" *(see, Cota v Madison Cent. School Dist.,* 89 Misc 2d 646, *affd* 62 AD2d 1083).

Further, viewing the complaint as stating a cause of action in passive (nonfeasance) as opposed to active (affirmative) negligence against the city due to the city's failure to maintain the sidewalk in a reasonably safe condition for pedestrians, a cause of action accrued to plaintiffs at the time of the accident. Relying on this theory, the active negligence of the city in creating the condition need not be proved to establish liability. However, such proof dispenses with the need to comply with the prior written notice provisions of the Ithaca City Charter *(see, Hogan v Grand Union Co.,* 126 AD2d 875, *supra; Rehfuss v City of Albany,* 118 AD2d 987, *supra; Muszynski v City of Buffalo,* 33 AD2d 648, *supra).*

KANE, J. P., CASEY, WEISS and HARVEY, JJ., concur.

Order and judgment reversed, on the law, without costs, defendant City of Ithaca's motion for summary judgment denied and plaintiffs' cross motion to amend complaint granted.