CHARLES N. SNIPER, JR., Appellant, v CITY OF SYRACUSE, Respondent.

Fourth Department, July 7, 1988

---

**APPEARANCES OF COUNSEL**

*James G. DiStefano* for appellant.

*C. Frank Harrigan, Corporation Counsel (Lee Alcott* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

On April 28, 1982, plaintiff allegedly injured his back when the bus he was driving struck a depression in a roadway in the City of Syracuse. Plaintiff commenced suit to recover damages for these injuries on March 4, 1983. In his complaint, plaintiff alleged that the roadway was dangerous, defective and unsafe because it was negligently designed, constructed, maintained, lighted, marked and signed. Extensive pretrial discovery disclosed that the city's water department had performed certain repairs in the vicinity of the accident site in March 1979. Additionally, it was disclosed that on October 27, 1981 the city's transportation department had installed two "bump" signs at or near the point of the previous repairs.

Defendant moved for summary judgment initially contending that plaintiff's action was barred because there was no prior written notice of the alleged dangerous condition as required by Syracuse City Charter § 8-115. When confronted with proof that the city may have caused the dangerous condition complained of, the city admitted that there were factual questions in this regard, but contended that it was nevertheless entitled to summary judgment because the cause of action was barred by the Statute of Limitations set forth in General Municipal Law § 50-i, in that the acts of the city's water department and the city's highway department occurred more than 1 year and 90 days before plaintiff's action was commenced. In support of its contention, the city relied upon the holding of the Court of Appeals in *Klein v City of Yonkers* (53 NY2d 1011, 1012-1013), wherein the court, in dismissing plaintiff's claim to recover damages founded upon the alleged wrongful issuance of a certificate of occupancy, stated: "Section 50-i of the General Municipal Law requires that an action against a municipality for personal injury or property damage be commenced within one year and 90 days after 'the happening of the event upon which the claim is based.' In *Erickson v Town of Henderson* (30 AD2d 282), a wrongful death case, this language was held to bar an action commenced more than one year and 90 days after the happening of the event causing death (30 AD2d, at p 286) even though the court acknowledged that under an accrual rule the action would have been timely (30 AD2d, at p 284). Since *Erickson,* courts have uniformly concluded that the limitation period begins to run upon the happening of the event, irrespective of when the

action accrued *(e.g., Doyle v 800, Inc.,* 72 AD2d 761; *Phillips v Village of Waterford,* 48 AD2d 745, 746; *Cota v Madison Cent. School Dist.,* 89 Misc 2d 646, *affd* 62 AD2d 1083). In our view, the plain language of the statute admits of no other interpretation. If the statute is to be amended, that must be accomplished by legislative action and not judicial fiat".

Plaintiff, in opposing defendant's motion, argued that the period of limitations did not begin to run until the time of the accident. Special Term granted defendant's motion without a writing, citing *Klein (supra)* and this court's decision in *Nebbia v County of Monroe* (92 AD2d 724, *lv denied* 59 NY2d 603). After entry of the order appealed from, the Third Department, in an opinion by Justice Mikoll, reached a contrary result in a factual situation similar to this case *(see, Kiernan v Thompson,* 134 AD2d 27).

Plaintiff on this appeal urges us to accept the Third Department's rationale in distinguishing *Klein (supra)* and *Nebbia (supra)*. In *Kiernan (supra)* plaintiff was injured in a fall on a sidewalk in the City of Ithaca. The city moved for summary judgment dismissing plaintiff's personal injury action upon the ground that the negligent act which created the dangerous condition occurred more than 1 year and 90 days before commencement of the action. The court stated that plaintiff's complaint alleged two separate causes of action, both of which were timely commenced. The first cause of action was founded upon the alleged active negligence of the city in breaking up the sidewalk while city employees were working on nearby trees. That active negligence, the court held, "was a continuing act of negligence" which "occurred anew each day the condition continued" *(supra,* 134 AD2d, at 30) and consequently, the period of limitations governing any action founded upon such act did not begin to run until the date of accident. We do not adopt the Third Department's rationale in this regard.

Although an act may create a dangerous condition which continues, the act itself cannot continue. Under the holdings of *Klein (supra)* and *Nebbia (supra)*, the Statute of Limitations begins to run from the date of the happening of the event that causes the dangerous condition and any action to recover for personal injury or property damages caused by that condition must be commenced within 1 year and 90 days thereafter.

We agree, however, with the Third Department's holding that the period of limitations in the second cause of action

founded upon the alleged breach by the city of its continuing duty to maintain its public rights-of-way in a reasonably safe condition does not begin to run until the happening of the accident. The duty of a municipality to maintain its highways in a reasonably safe condition is well established in law *(Blake v City of Albany,* 48 NY2d 875; *Barrett v City of Buffalo,* 96 AD2d 709). That duty is a continuing one and is separate and apart from the duty not to create a dangerous condition. Liability for a breach of that continuing duty is established regardless of how the condition was created, by whom it was created, or when it was created, so long as it can be shown that the municipality had notice of the condition and that it had a reasonable period of time to correct it *(Blake v City of Albany, supra,* at 877-878).

It is the continuing duty of the municipality to maintain its rights-of-way in a reasonably safe condition which distinguishes the facts of this case from those of *Klein (supra)* and *Nebbia (supra).* There is no continuing duty on the part of a municipality to insure the safety of buildings after certificates of occupancy are issued or to maintain lateral sewer lines. With respect to the cause of action founded on the city's failure to maintain the public way, the fact that the city created the condition is relevant only in terms of avoidance of the defense of lack of written notice and is immaterial insofar as the defense of Statute of Limitations is concerned *(see, Kiernan v Thompson, supra).*

Accordingly, plaintiff's complaint, insofar as it alleges a cause of action for the negligent maintenance of the public roadway, should not have been dismissed by reason of the provisions of General Municipal Law § 50-i.

BOOMER, J. P., GREEN, PINE and DAVIS, JJ., concur.

Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with opinion by LAWTON, J.