OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
The Appellate Division correctly denied the City’s motion for summary judgment and granted plaintiffs cross motion to amend the complaint to add the uncontested factual allegation that the City removed a tree stump in 1982, thereby creating the broken and defective condition of the sidewalk that resulted in plaintiffs injuries. It is well established that a municipality is under a continuing duty to maintain its public roadways in a reasonably safe condition (see, D’Ambrosio v City of New York, 55 NY2d 454, 462; Blake v City of Albany, 48 NY2d 875, 876), and that such duty is independent of its duty not to create a defective condition (see, Sniper v City of Syracuse, 139 AD2d 93, 96). Thus, the Appellate Division correctly determined that plaintiffs personal injury action is properly based upon the City’s negligent failure to maintain the sidewalk in repair. The action also was timely commenced because brought within 1 year and 90 days after the breach of that ongoing duty — the “happening of the event upon which the claim is based” (General Municipal Law §50-i [1] [c])— which breach resulted in plaintiffs accident. Moreover, since *842 the City created the crack in the pavement, plaintiff was not required to provide it with prior written notice of the unsafe condition (Muszynski v City of Buffalo, 29 NY2d 810, affg on opn below 33 AD2d 648; Hogan v Grand Union Co., 126 AD2d 875, 876) and thus the City’s motion for summary judgment based upon plaintiff’s failure to comply with the prior notice provision in the Ithaca City Charter was properly denied.
The Appellate Division erred, however, insofar as it construed the amended complaint as stating a separate cause of action based solely on the City’s negligence in removing the tree stump rather than on its negligence in failing to properly maintain the sidewalk. If that were so, the negligent removal of the stump rather than the negligent failure to maintain the sidewalk that resulted in the accident would constitute "the happening of the event” for purposes of General Municipal Law § 50-i (1) (c). As removal of the tree stump occurred over two years prior to the accident, the statutory period for commencing an action against the City for that discrete act of negligence has long since expired (see, Klein v City of Yonkers, 53 NY2d 1011; Sniper v City of Syracuse, 139 AD2d, at 95, supra; Nebbia v County of Monroe, 92 AD2d 724, lv denied 59 NY2d 603). Accordingly, we do not construe the amended complaint as alleging a distinct cause of action grounded solely in the City’s negligent stump removal, but rather view the amendment as merely adding the factual allegation that the City created the defective condition, thus obviating the need to comply with the prior notice provision in the Ithaca City Charter.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order affirmed, etc.