■ JAMES MYERS et al., Respondents, v L & M DEVELOPERS et al., Defendants, and TOWN OF VERONA, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed as against defendant Town of Verona. Memorandum: Supreme Court should have granted the motion of defendant Town of Verona to dismiss the complaint against it for failure to commence the action within one year and 90 days after "the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1]; *see, Klein v City of Yonkers,* 53 NY2d 1011; *Matter of Stelman v Town of Poughkeepsie,* 146 AD2d 632, *lv denied* 74 NY2d 603; *Doyle v 800, Inc.,* 72 AD2d 761; *see also, Nebbia v County of Monroe,* 92 AD2d 724, *lv denied* 59 NY2d 603). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Dismiss Complaint.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.

■ JAMES MYERS et al., Respondents, v L & M DEVELOPERS et al., Defendants, and ONEIDA SAVINGS BANK, Appellant. (Appeal No. 2.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed as against defendant Oneida Savings Bank. Memorandum: The complaint fails to state a cause of action against defendant Oneida Savings Bank. The Bank had no duty to plaintiffs to assure that a certificate of occupancy was properly issued. The provision in the mortgage commitment requiring receipt of a certificate of occupancy before closing was for the protection of the mortgagor bank and not for the benefit of plaintiffs. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Abandonment.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.