■ In the Matter of ANDREW J. MAGALDINO et al., Respondents, v TOWN OF HURLEY, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 20, 1990 in Ulster County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

In August 1990, petitioners made this application for leave to serve a late notice of claim upon respondent. As set forth in the proposed notice of claim submitted on the application, petitioners' claim is founded upon the theory that respondent negligently issued a building permit on December 3, 1986 and certificate of occupancy on November 14, 1987 with respect to the home now owned by petitioners, thereby permitting the construction and approval of an inadequate septic system. Supreme Court granted the application and respondent appeals.

We reverse. Contrary to petitioners' contention, the one year and 90-day Statute of Limitations of General Municipal Law § 50-i (1) (c) begins upon "the happening of the event upon which the claim is based". Here, that "event" is respondent's issuance of the building permit or certificate of occupancy attacked by petitioners (see, Klein v City of Yonkers, 53

NY2d 1011, 1013; *Myers v L & M Developers,* 172 AD2d 1043; *Matter of Stelman v Town of Poughkeepsie,* 146 AD2d 632, *lv denied* 74 NY2d 603). Inasmuch as the applicable limitations period had expired, Supreme Court lacked discretion to grant petitioners' application *(see,* General Municipal Law § 50-e [5]).

Mahoney, P. J., Weiss, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.