■ ANDREW GRIMALDI et al., Appellants, v CITY OF TONAWANDA, Respondent, et al., Defendant. [715 NYS2d 175] —Order unanimously affirmed without costs. Memorandum: We reject plaintiffs' contentions that the complaint states a

cause of action for a de facto taking and that no notice of claim was required. Rather, the complaint sounds in tort, and a notice of claim therefore was required (see, General Municipal Law § 50-e [1] [a]). Supreme Court properly denied plaintiffs' motion to strike the affirmative defense asserted by defendant City of Tonawanda (City) seeking dismissal of the action against it based on plaintiffs' failure to file a notice of claim and properly granted the City's cross motion to dismiss the complaint based on that affirmative defense. Plaintiffs failed to commence the action within one year and 90 days "after the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1] [c]; see, Klein v City of Yonkers, 53 NY2d 1011; Matter of Stelman v Town of Poughkeepsie, 146 AD2d 632, lv denied 74 NY2d 603; Doyle v 800, Inc., 72 AD2d 761; see also, Nebbia v County of Monroe, 92 AD2d 724, lv denied 59 NY2d 603), and thus plaintiffs' alternative request for leave to serve a late notice of claim was untimely (see, General Municipal Law § 50-e [5]). (Appeal from Order of Supreme Court, Erie County, Dillon, J.—Notice of Claim.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.