■ Robert Jensen, Appellant, et al., Plaintiff, v City of New York et al., Respondents. [734 NYS2d 88] —In an action, *inter alia*, to recover damages for gross negligence, the plaintiff Robert Jensen appeals from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated October 27, 2000, as denied his motion to strike the defendants' affirmative defense of the expiration of the Statute of Limitations and granted that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted by him on the ground that it was time-barred pursuant to General Municipal Law § 50-i (1) (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Robert Jensen (hereinafter the appellant) last saw his son, Steven Jensen (hereinafter the decedent), alive on or about July 24, 1997. On August 4, 1997, a body was found at the Staten Island Pier in Richmond County. The Richmond County Morgue subsequently obtained the dental records of the decedent to make a dental comparison with the body. In October or November of 1997, the Richmond County Morgue advised the appellant that after making the dental comparison, it determined that the body was not that of the decedent. In January 1999 the Medical Examiner's Office in Manhattan contacted the appellant and advised him that the Richmond County Morgue had misread the dental records and the body was indeed that of the decedent. The appellant subsequently commenced this action, along with the decedent's infant son, asserting causes of action against the defendants alleging, *inter alia*, negligence and gross negligence. The defendants asserted as an affirmative defense the expiration of the Statute of Limitations.

The Supreme Court correctly concluded that the Statute of Limitations began to run upon the date the appellant was erroneously informed that the body that was found was not that of the decedent (*see, Blanco v American Tel. & Tel. Co.*, 90 NY2d 757; *Snyder v Town Insulation,* 81 NY2d 429). The alleged misidentification was a singular act of negligence from which all potential damages arose, and did not constitute a continuous wrong, nor should the Statute of Limitations commence upon the discovery of the mistake (*see, Playford v Phelps Mem. Hosp. Ctr.,* 254 AD2d 471; *Neumann v Nassau County Med. Ctr.,* 210 AD2d 301; *Doyle v 800, Inc.,* 72 AD2d 761). Accordingly, the Supreme Court properly determined that the appellant's claims were time-barred pursuant to the applicable Statute of Limitations (*see,* General Municipal Law § 50-i [1]; *see generally,* CPLR 214). O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.