Ben Porcaro et al., Appellants, v Town of Beekman, Respondent, et al., Defendants. [790 NYS2d 58]—

In an action, inter alia, to recover damages for failure to repair certain sewage facilities, and for injunctive relief, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 5, 2003, as granted the motion of the defendant Town of Beekman pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against it, and denied their cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Town of Beekman met its initial burden of demonstrating that the plaintiffs' first and third causes of action were time-barred (*see* General Municipal Law § 50-i; *Town of Hempstead v Lizza Indus.,* 293 AD2d 739, 740 [2002]). The plaintiffs' contention that the Town's failure to repair or replace the subject sewage facilities amounted to a continuous wrong so as to toll the limitations period is without merit (*see Klein v City of Yonkers,* 53 NY2d 1011 [1981]; *Nebbia v County of Monroe,* 92 AD2d 724, 725 [1983]). Although General Municipal Law § 50-e (5) permits a court to grant an application to extend the time in which to serve a notice of claim, the court may not entertain such a request filed after the one year and 90-day statute of limitations has expired (*see Schwinghammer v Sullivan W. Cent. School Dist.,* 2 AD3d 1126 [2003]; *Lopez v Brentwood Union Free School Dist.,* 149 AD2d 474 [1989]).

As to the plaintiffs' second cause of action regarding improper sewer rents, the complaint, affidavits, and documentary evidence are devoid of factual allegations sufficient to state a cause of action (*see* CPLR 3211 [a] [7]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.