■ In the Matter of MARY ELIZABETH WITT, Appellant, v TOWN OF AMHERST, Respondent. (Appeal No. 1.) [793 NYS2d 796]— Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 30, 2004. The order denied claimant's application for leave to serve a late notice of claim.

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered May 24, 2004. The order granted claimant's motion for leave to reargue and, upon reargument, the court adhered to its prior decision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant appeals from an order granting her motion for leave to reargue and, upon reargument, adhering to the prior decision denying her application for leave to serve a late notice of claim. We affirm. Pursuant to General Municipal Law § 50-e (5), Supreme Court in its discretion may extend the time in which to serve a notice of claim, but in no event shall the extension "exceed the time limited for the commencement

of an action by the claimant against the public corporation." General Municipal Law § 50-i (1) provides in relevant part that such an action must be commenced within one year and 90 days "after the happening of the event[s] upon which the claim is based," and here those events are the issuance of the building permit and the certificate of occupancy to claimant in 1993 and 1994, respectively. Because those events occurred more than eight years before claimant sought leave to serve a late notice of claim, the court properly denied claimant's application (*see Nebbia v County of Monroe*, 92 AD2d 724, 725 [1983], *lv denied* 59 NY2d 603 [1983]; *see generally Klein v City of Yonkers*, 53 NY2d 1011 [1981]). We reject the contention of claimant that respondent's conduct constitutes a continuing wrong and thus that her application is timely. As this Court wrote in *Sniper v City of Syracuse* (139 AD2d 93, 95 [1988]), "[a]lthough an act may create a dangerous condition which continues, the act itself cannot continue." We further reject claimant's contention that respondent is estopped from asserting claimant's untimeliness as a defense inasmuch as there is no evidence in the record that respondent engaged in the requisite "fraud, deception or misrepresentation" (*Okie v Village of Hamburg*, 196 AD2d 228, 231 [1994]; *see generally Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]).

We have reviewed claimant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.