VINCENT GRECO et al., Appellants, v INCORPORATED VILLAGE OF FREEPORT, Respondent. [886 NYS2d 615]—

In an action, inter alia, to recover damages for negligent construction and operation of a power plant, nuisance, and trespass, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated June 11, 2007, as granted those branches of the defendant's motion which were for summary judgment dismissing the fifth cause of action, and dismissing the first, second, and fourth causes of action to the extent that they are based upon acts alleged to have occurred more than one year and 90 days prior to the commencement of this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Incorporated Village of Freeport constructed a power plant near the plaintiffs' property in 1969. In 2002 the plaintiffs commenced this action, inter alia, to recover damages for negligent construction and operation of the power plant, nuisance, and trespass. After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground that the statute of limitations for all of the plaintiffs' claims had expired.

The defendant met its initial burden of establishing, prima facie, that the plaintiffs' fifth cause of action sounding in

negligence was time-barred (*see* General Municipal Law § 50-i; *Town of Hempstead v Lizza Indus.,* 293 AD2d 739, 740 [2002]). In response, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the defendant's negligent operation of the power plant amounted to a continuous wrong so as to toll the limitations period for a negligence claim is without merit (*see Klein v City of Yonkers,* 53 NY2d 1011 [1981]; *Heritage Hills Socy., Ltd. v Heritage Dev. Group, Inc.,* 56 AD3d 426, 426-427 [2008]; *Porcaro v Town of Beekman,* 15 AD3d 377, 378 [2005]; *Condello v Town of Irondequoit,* 262 AD2d 940, 941 [1999]).

As the Supreme Court correctly determined, the plaintiffs' trespass and nuisance causes of action are time-barred to the extent that they are based upon acts alleged to have occurred more than one year and 90 days prior to the commencement of the action (*see Sutton Investing Corp. v City of Syracuse,* 48 AD3d 1141, 1143 [2008]; *Carhart v Village of Hamilton,* 190 AD2d 973 [1993]; *Sova v Glasier,* 192 AD2d 1069 [1993]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Fisher, Belen and Lott, JJ., concur. [*See* 16 Misc 3d 1129(A), 2007 NY Slip Op 51635(U).]