■ THOMAS HARRINGTON et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [958 NYS2d 748]—

In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated August 8, 2011, which granted the defendants' motion to dismiss the complaint, inter alia, as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiffs are the parents of a man who, on October 6, 2006, at age 19, was killed in a motor vehicle accident. They commenced the instant action alleging, inter alia, that they sustained emotional injuries as a result of the negligent manner in which the investigation of the fatal accident was conducted.

In support of their motion to dismiss the complaint, the defendants met their initial burden of establishing, prima facie, that the causes of action were time-barred, in that the action was not commenced within one year and 90 days after the "happening of the event" upon which the plaintiffs' claims were based (General Municipal Law § 50-i [1]; *see Greco v Incorporated Vil. of Freeport*, 66 AD3d 836, 836-837 [2009]). In response, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether they actually commenced the action within the applicable limitations period (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]). The "event" upon which the claims were based was the allegedly "shoddy investigation," which took place on the date of the accident, and the plaintiffs' contention that the investigation amounted to a continuing wrong so as to toll the limitations period is without merit (*see Klein v City of Yonkers*, 53 NY2d 1011, 1013 [1981]; *Sandpebble Bldrs., Inc. v Mansir*, 90 AD3d 888, 889 [2011]; *Greco v Incorporated Vil. of Freeport*, 66 AD3d at 836-837; *Jensen v City of New York*, 288 AD2d 346, 347 [2001]; *Porcaro v Town of Beekman*, 15 AD3d 377, 378 [2005]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.