Peters, P.J.
Appeal from an order of the Supreme Court (Schick, J.), entered May 1, 2015 in Sullivan County, which, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
In May 2013, a sewer backup occurred at property leased by plaintiff in the Village of Monticello, Sullivan County. After the *1465 property sustained multiple additional backups through January 2014, plaintiff filed a notice of claim on defendant in March 2014. In July 2014, plaintiff commenced this negligence action to recover damages sustained as a result of the sewage backups, alleging, among other things, that defendant failed to properly construct, inspect, repair and maintain its sewer system. Defendant moved to dismiss the complaint pursuant to CPLR 3211 and 3212, asserting, among other things, that the action was barred by the applicable statute of limitations. Supreme Court agreed and dismissed the complaint. Plaintiff appeals.
To the extent that plaintiff’s claim alleges that defendant negligently constructed and installed the water and sewer main—work which was fully complete by December 2009—we agree with Supreme Court that it cannot be maintained. General Municipal Law § 50-i (1) (c) requires that an action against a municipality for property damage be commenced within one year and 90 days after “the happening of the event upon which the claim is based.” Although plaintiff alleges ongoing injury to its property as a result of defendant’s actions, the alleged tortious conduct in that regard consisted of discrete acts of negligence that ceased upon completion of the water and sewer main construction (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031-1032 [2013]; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d 1550, 1554 [2016], lv dismissed — NY3d —, 2016 NY Slip Op 90071 [Nov. 1, 2016]; Matter of Witt v Town of Amherst, 17 AD3d 1030, 1031 [2005]; Nebbia v County of Monroe, 92 AD2d 724, 725 [1983], lv denied 59 NY2d 603 [1983]). There being “no continuing, offensive act” (New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1554; compare Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 65-66 [2009]), plaintiff’s claim arising from defendant’s allegedly negligent construction and installation is time-barred (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1032; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1554; Harrington v County of Suffolk, 102 AD3d 923, 924 [2013]; Liston v Town of Newburgh, 90 AD3d 861, 862 [2011]).
We reach a different conclusion with respect to plaintiff’s alternative claim that defendant failed to properly maintain and/or repair its sewer and water mains. It is settled that a municipality is under a continuing duty to maintain and repair its sewage and water systems (see De Witt Props. v City of New York, 44 NY2d 417, 423 [1978]; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1554; Pet Prods. v *1466 City of Yonkers, 290 AD2d 546, 547 [2002]), and this duty is independent of the duty not to create a dangerous or defective condition (see New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1554-1555; cf. Kiernan v Thompson, 73 NY2d 840, 842 [1988]; Sniper v City of Syracuse, 139 AD2d 93, 96 [1988]). “[T]he breach of this ongoing duty is the ‘event’ that forms the basis for the claim” for purposes of General Municipal Law § 50-i (New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1554; see Kiernan v Thompson, 73 NY2d at 841). Thus, defendant’s negligence, if any, in failing to maintain or repair its water and/or sewage system constitutes a continuing wrong that gives rise to a new cause of action for each injury that occurred (see Kehagias v Waldo Ave. Bldg., 132 AD3d 615, 615-616 [2015]; Congregation B’nai Jehuda v Hiyee Realty Corp., 35 AD3d 311, 313 [2006]; Kiernan v Thompson, 134 AD2d 27, 29-30 [1987], affd 73 NY2d 840 [1988]; Sniper v City of Syracuse, 139 AD2d at 95-96). Plaintiff’s recoverable damages, however, are limited “ ‘to those caused by the alleged unlawful acts sustained within 90 days preceding the date of filing of the notice of claim’ ” (Carhart v Village of Hamilton, 190 AD2d 973, 975 [1993], quoting Goldstein v County of Monroe, 11 AD2d 232, 234 [1980]; see Sutton Investing Corp. v City of Syracuse, 48 AD3d 1141, 1143 [2008], lv dismissed 10 NY3d 858 [2008]; Doran v Town of Cheektowaga, 54 AD2d 178, 180-182 [1976]; cf. Meruk v City of New York, 223 NY 271, 276 [1918]).
While defendant offers two alternative grounds for af-firmance of Supreme Court’s dismissal of plaintiff’s negligent maintenance claim, neither has merit. With regard to the first, “a municipality is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature” (Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y., 127 AD3d 681, 682 [2015] [internal quotation marks and citation omitted]; see De Witt Props. v City of New York, 44 NY2d at 423-424; Watt v County of Albany, 140 AD3d 1260, 1261 [2016]; Biernacki v Village of Ravena, 245 AD2d 656, 657 [1997]). Second, defendant argues that plaintiff’s negligent maintenance claim must be dismissed because it had not received prior written notice of the alleged defect. It is axiomatic that prior written notice provisions are in derogation of the common law and must be strictly construed (see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]). By its express terms, *1467 the prior written notice requirement of Code of the Village of Monticello § 220-49 is limited to defects or dangerous conditions with regard to highways, bridges and culverts, making no reference to subsurface structures. Accordingly, it is inapplicable to claims regarding defendant’s sewage system (see Windsor Ct. Assoc., LP v Village of New Paltz, 27 AD3d 814, 815 [2006]; McKinnis v City of Schenectady, 234 AD2d 760, 761 [1996]; Barsh v Town of Union, 126 AD2d 311, 313 [1987]; compare Blanc v City of Kingston, 68 AD3d 1525, 1526 [2009]).
Garry, Devine, Clark and Aarons, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed that portion of plaintiff’s cause of action for negligent repair and maintenance that falls within the statute of limitations; motion denied to that extent; and, as so modified, affirmed.