Roaring v Tompkins County Highway Dept. (2025 NY Slip Op 01269)

Roaring v Tompkins County Highway Dept.

2025 NY Slip Op 01269

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-23-1645 CV-23-2338
[*1]Ronda Roaring, Appellant,
v
Tompkins County Highway Department et al., Respondents.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Ronda Roaring, Spencer, appellant pro se.
Roemer Wallens Gold & Mineaux LLP, Albany (Benjamin D. Heffley of counsel), for respondents.

Aarons, J.
Appeals (1) from an order of the Supreme Court (Elizabeth Aherne, J.), entered August 25, 2023 in Tompkins County, which, among other things, denied plaintiff's request for a preliminary injunction, and (2) from an order of said court, entered November 28, 2023 in Tompkins County, which granted defendants' motion to dismiss the complaint.
Since 1977, plaintiff has resided on land abutting South Danby Road, otherwise known as County Road 125 (hereinafter the highway), in the geographical limits of defendant Tompkins County. In the 1980s, the County widened the highway and made other improvements to it. According to plaintiff, the County's design and construction of the widened highway caused an increased volume of stormwater to drain from the highway onto her land and accumulate in the basement of her home. In 1987, plaintiff and her husband commenced an action against the County seeking equitable and monetary relief, claiming that the County had unlawfully usurped their land and damaged their property (hereinafter the first action). Following joinder of issue and discovery in the first action, Supreme Court (Rose, J.) granted summary judgment to the County dismissing that complaint.
Plaintiff, self-represented, commenced this action in August 2023 seeking a judgment overturning the first action, returning land purportedly taken from her by the County when it widened the highway in the 1980s and compensating her for damage to her property alleged to have been caused by the stormwater diverted to her property by the defectively designed and constructed highway. Defendants moved pre-answer to dismiss the complaint, asserting that plaintiff's claims are barred by res judicata and are otherwise untimely. Supreme Court (Aherne, J.) agreed and dismissed the complaint, prompting this appeal by plaintiff. We affirm.[FN1]
Plaintiff's challenge to the County's interest in the land comprising the highway is precluded under the doctrine of res judicata (see CPLR 3211 [a] [5]; Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d 988, 989 [3d Dept 2024]; Matter of Strauss v Venettozzi, 186 AD3d 1862, 1863 [3d Dept 2020]). This is because the first action provided plaintiff and the County a full and fair opportunity to litigate their respective property rights, which action was resolved on the merits in the County's favor, and that resolution was binding on plaintiff (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; compare Matter of Bemis v Town of Crown Point, 121 AD3d 1448, 1451 [3d Dept 2014]). To the extent plaintiff seeks to overturn the first action, this is not the appropriate vehicle (see generally CPLR 5015).
We likewise agree with defendants that plaintiff's claims for property damage are time-barred. As relevant here, a notice of claim is "a condition precedent to the commencement of an action or special proceeding against a public corporation," and such notice must be served "within [90] days after the claim arises" (General Municipal Law § 50[*2]-e [1] [a]). Further, "General Municipal Law § 50-i (1) (c) requires that an action against a municipality for property damage be commenced within one year and 90 days after the happening of the event upon which the claim is based" (461 Broadway, LLC v Village of Monticello, 144 AD3d 1464, 1465 [3d Dept 2016] [internal quotation marks omitted]). Plaintiff bases her claim upon the County's design and construction of the highway, which was complete in or around 1990. The statute of limitations began to run at that time and had long since expired by 2023 when plaintiff initiated this action (see General Municipal Law §§ 50-e [1] [a]; 50-i [1] [c]). As such, Supreme Court appropriately dismissed so much of the complaint as alleges that defects in the highway's design and construction resulted in damage to her land and basement (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031-1032 [2013]; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d 1550, 1554 [3d Dept 2016], lv dismissed 28 NY3d 1044 [2016]).
Plaintiff's remaining contentions, to the extent not covered by the reasoning above, have been evaluated and are unavailing.
Garry, P.J., Egan Jr., Pritzker and Lynch, JJ., concur.
ORDERED that the appeal from the order entered August 25, 2023 is dismissed, without costs.
ORDERED that the order entered November 28, 2023 is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff's right to appeal from an August 2023 order, denying plaintiff's request for a preliminary injunction, terminated upon entry of the November 2023 order and, accordingly, plaintiff's appeal from the August 2023 order must be dismissed (see Matter of Frank A. Clemente Two-Year Grantor Retained Annuity Trust, 224 AD3d 945, 945 [3d Dept 2024]).