Argued September 20, affirmed October 3, 1917.

# JOHNSON *v*. JELDNESS.

(167 Pac. 798.)

**Navigable Waters—Tide-lands—Grants—Effect.**

1. The title of the owner of tide-lands, coming to him from the state, is impressed with the *jus publicum*, or public ownership, which was retained by the state, and which includes the public rights of navigation and fishery.

**Navigable Waters—Littoral Rights—Fish-traps.**

2. The owner of tide-lands, on a navigable stream, cannot be deprived of his rights to draw seines along his lands by erection of fish-traps by private individuals under federal license, on the theory that such persons are acting under the *jus publicum*, since they act in their own interests, and cannot invoke the rights of the public.

**Nuisance—Public Rights—Special Damage.**

3. The owner of tide-lands on a navigable stream suffers such special damage by invasion of his right of access to his property that he has a sufficient standing in a court of equity to enjoin encroachment, since his right of access attaches equally to every part of his shore line.

> [As to nature of riparian rights and lands to which they attach, see note in Ann. Cas. 1913E, 709.]

**Navigable Waters—Littoral Rights—Fish-traps.**

4. Act Cong. Feb. 14, 1859, Chapter 33, Section 2, 11 Stat. 383, providing that the State of Oregon shall have concurrent jurisdiction on the Columbia and all other rivers and waters bordering on the said State of Oregon, so far as the same shall form a common boundary to said state and other states, and said rivers and waters, and all the navigable waters of said state, shall be common highways and forever free, merely declares and preserves the *jus publicum*, including the public rights of navigation and fishery; but a free-

85 Or.—42

holder whose close abuts upon such waters is entitled to the aid of the courts to maintain his right against invasion by private persons in his own interest.

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, a citizen and resident of the State of Oregon, is the admitted owner of a certain upland island and the tide-lands in front of the same in the navigable waters of the Columbia River. The place is valuable to him for fishing purposes, not only as a member of the general public, but also for the fact that he, as proprietor of the uplands, has the exclusive appurtenant right to draw his seines ashore on his own premises. He complains that the defendants have made preparations for and are in the act of constructing a pound net in front of his land and for that purpose have driven a row of piling at right angles to the shore 10 or 15 feet apart and 300 or 400 feet in length upon which to construct the fishing apparatus described.

The defendants avow the driving of the piles and claim to be acting under licenses from the United States War Department and from the Master Fish Warden of the State of Oregon. They say that their structure is entirely in the open, unappropriated, and unoccupied navigable waters of the Columbia River at least 150 feet below low-water mark of the plaintiff's tide-lands, and that between there and the plaintiff's land the waters are at all times navigable.

The answer is challenged by the reply. From a decree perpetually enjoining the defendants from driving any piling or other permanent structure in front of plaintiff's premises, the defendants have appealed.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Bert Henry* and *Messrs. Anderson & Erickson,* with an oral argument by *Mr. Henry.*

For respondent there was a brief over the names of *Mr. George C. Fulton* and *Mr. A. C. Fulton,* with an oral argument by *Mr. George C. Fulton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1–3. Quoting from their brief, the defendants contend that

"the title to plaintiff's tide-land came to him from the state, impressed with the *jus publicum* or public ownership, which was retained by the state, and which includes the public rights of navigation and fishery."

This is very true as a major premise: *Bowlby* v. *Shively,* 22 Or. 410 (30 Pac. 154); *Hume* v. *Rogue River Packing Co.,* 51 Or. 237 (83 Pac. 391, 92 Pac. 1065, 96 Pac. 865, 131 Am. St. Rep. 732, 31 L. R. A. (N. S.) 396); *Corvallis & Eastern R. Co.* v. *Benson,* 61 Or. 359 (121 Pac. 418). The fallacy of their argument is the assumption that they are operating in the right of the public, when in truth they are operating for their private interests to the exclusion of all other members of the public. In so doing they interfere materially with the plaintiff's right of access to his land. The defendants cannot act under the sanction of the *jus publicum* or common right so as to exclude any other member of the public from the general privilege of fishing and navigation in the navigable waters under consideration. To allow them to drive rows of piles in front of the plaintiff's lands would be seriously to impair his right as a member of the public to seine

for fish there, and this, being coupled with his exclusive right to draw his seine upon the shores of his premises with which the fixed apparatus of the defendants would interfere, he has a right to resist their encroachment and to secure a permanent injunction against the same as for a continued trespass. In this invasion of his right of access to his property for all lawful purposes to which it may be devoted he suffers an injury not experienced by the public generally and so has standing in court to secure its prevention. If the property of the plaintiff or its appurtenances could lawfully be parceled out among other individuals without his consent or if, assuming to act under the common right of fishery, the defendants could exclude others from that privilege, their acts in question might be justified; otherwise not. The plaintiff's right of access attaches equally to the whole and every part of his shore line. The defendants have no right to fetter or impair his enjoyment of his property by compelling him to go upon it only at certain points. To allow them to maintain piling or other fixed appliances of the kind in front of his premises would be to establish a monopoly to that extent in their favor and to his special detriment. It would permit them to say to him: "You may fish where you can or how you can, so far as we have left you opportunity, and you may take your fish ashore on your premises at places only which we have left open." The defendants cannot lawfully subvert the exercise of the common right of fishery to their exclusive personal benefit, especially where it works peculiar harm to the plaintiff in the beneficial use of his holdings.

4. Section 2 of the act of Congress, approved February 14, 1859, admitting the State of Oregon into the Union, reads thus:

"The said State of Oregon shall have concurrent jurisdiction on the Columbia and all other rivers and waters bordering on the said State of Oregon, so far as the same shall form a common boundary to said state, and other state or states now or hereafter to be formed or bounded by the same; and said rivers and waters, and all the navigable waters of said state, shall be common highways and forever free, as well as to the inhabitants of said state as to all other citizens of the United States, without any tax, duty, impost, or toll therefor."

This section is declarative and preservative of the *jus publicum* including the public right of navigation and fishery. The plaintiff is a freeholder whose close abuts upon this highway and resting upon his private right of access thereto he is entitled to the aid of the courts to maintain the freedom of it against invasion by private persons in their own interest: *Sandstrom* v. *Oregon, Wash. R. & Nav. Co.*, 75 Or. 159 (146 Pac. 803). It is not a case of taking his property or its appurtenances for public use by the right of eminent domain as in spanning a navigable stream by a public bridge, extending harbor lines, and the like. It is an instance of an attempt to take private property for the use and benefit of other individuals in whom the sanction of eminent domain is not vested. Except that the plaintiff suffers peculiar injury not experienced by the people in general, the threatened encroachment of the defendants upon the freedom of navigation and fishery, designed to create a monopoly for themselves, would normally fall within the federal enactments for the protection of the use of public waters and his suit could not be entertained in the state courts. Inasmuch, however, as his private right is violated by private persons in their own interest the judicial power of the state will grant appropriate relief.

The principles applicable to the instant case are so thoroughly expounded by Mr. Justice MOORE in *Eagle Cliff Fishing Co.* v. *McGowan,* 70 Or. 1 (137 Pac. 766), and by Mr. Justice HARRIS in *Monroe* v. *Withycombe,* 84 Or. 328 (165 Pac. 227), that further comment is unnecessary. The decree of the Circuit Court is affirmed. AFFIRMED.