Richard M. Rosenbaum, J.
The plaintiff brings an action for a permanent injunction and for damages and for punitive damages against the defendant for interference with the use by the plaintiff of a boat and boat hoist which she placed in Canandaigua Lake together with a catwalk on both sides of the boat hoist in the vicinity of a right of way plaintiff has over land owned by the defendant along the shore of Canandaigua Lake in order to reach the lake located some distance from her property which is not along the shore of the lake.
Prior to the instant dispute the defendant in the instant case had brought an action in State Supreme Court against the plaintiff in the instant case to enjoin an allegedly improper use of the same right of way. The facts were that the plaintiff in the instant case had installed a dock at the end of the right of way and had parked vehicles and equipment on the right of way. The court granting the injunction ordered the dock removed point *939 ing out that by the terms of the right of way contained in a deed the purpose of the right of way is for “ ingress, egress and regress with the right at all times to the parties hereto, their heirs and assigns, and the occupants of the premises along said driveway to pass or repass on foot and with animals or vehicles over said right-of-way.” The court in the prior case also held that the then defendant now plaintiff had no right to obstruct the right of way by storing boats, chairs or other equipment on the right of way. A permanent injunction was issued to prohibit such activities in the future.
The law as was stated in the prior case is that a clearly stated written agreement may not be varied by extrinsic evidence. (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 459-460; Loch Sheldrake Assoc. v. Evans, 306 N. Y. 297, 304-305; Potter v. Allen, Sup. Ct., Yates County, May 21, 1969.) The decision in Potter v. Allen (supra) citing various cases also pointed out that “ it is a general rule of construction that no more is granted than is necessary for the enjoyment of the easement itself. ’ ’
A question of fact was raised in the case at bar as to whether or not the boat hoist and catwalk around it were located in the water beyond the low water mark. Were it not located beyond the low water mark the plaintiff would be clearly in violation of the defendant’s rights because it would then be located on land' owned by him. (Stewart v. Tierney, 237 N. Y. 117.) I find that the boat hoist and catwalk were located beyond the low water mark. Since the boat hoist and catwalk were located beyond the low water mark they must be located on land owned by the State of New York in trust for the people of the State of New York since Canandaigua Lake is a navigable body of water and title to the bed of the lake is held by the State of New York in trust for the people of the State. (See Granger v. City of Canandaigua, 257 N. Y. 126.)
Accordingly, the court must decide whether or not as a member of the public the plaintiff has the right to construct the boat hoist and catwalk located beyond the low water mark in Canandaigua Lake and if not as a member of the public would plaintiff have the rights enjoyed by a riparian owner as the holder of a right of way. The court is constrained to decide both questions in the negative.
A riparian proprietor is one who owns land on the bank of a river. (See Mettler v. Ames Realty Co., 61 Mont. 152.) Corresponding to riparian proprietors on a stream or a small pond are littoral proprietors on a sea or lake. But riparian is also used coextensively with littoral. (Commonwealth v. Alger, 7 *940 Cush. [61 Mass.] 53; City of Boston v. Lecraw, 17 How. [58 U. S.] 426.) In general terms riparian rights connote the right and profit to the owner of the upland arising from its connection with the water such as the easement of passage and use, subject however to governmental regulation for the improvement of navigation. (Matter of City of New York [West 205th St.], 240 N. Y. 68.) Generally speaking such rights are: (1) use of water for general purposes as bathing and domestic use; (2) wharf out to navigability; (3) access to navigable waters. (See Hilt v. Weber, 252 Mich. 198; City of New York v. Wilson & Co., 278 N. Y. 86.) The plaintiff is not a riparian owner with regard to Canandaigua Lake and her easement to get to the lake does not give her the rights of a riparian owner. (Knight v. Ciarlone, 200 N. Y. S. 2d 805.) As a member of the public certainly plaintiff’s rights do not under the facts in this ease exceed the riparian rights of the defendant. In fact the riparian rights of the defendant would be severely limited were the plaintiff to prevail. (Matthews v. Treat, 75 Me. 594; Johnson v. Jeldness, 85 Ore. 657.)
The court could have disposed of this matter by use of the unclean hands principle. It was admitted in the testimony in the plaintiff’s case that in the installation of the boat hoist it was necessary to use heavy equipment on the right of way and to go off the hounds of the right of way contrary to the decision of the Supreme Court in Potter v. Allen (supra). Also it would he well within the realm of reason, based on the proof in this case, to say that the plaintiff simply removed the dock in the Potter v. Allen case and placed it out approximately seven feet in the water in a different form. However, in order to discourage further litigation between these parties, particularly based on the litany of events as concerning them, the court has endeavored to anticipate future points of disagreement in its decision.
The complaint of the plaintiff is dismissed with costs to the defendant.