■ LANSINGBURGH REALTIES, INC., Appellant, v. COMMISSIONER OF ASSESSMENTS AND TAXATION OF THE CITY OF TROY et al., Respondents. (Proceeding No. 1.) CENTRAL MARKETS, INC., Appellant, v. COMMISSIONER OF ASSESSMENTS AND TAXATION OF THE CITY OF TROY et al., Respondents. (Proceeding No. 2.) CENTRAL MARKETS, INC., Appellant, v. COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Respondents. (Proceeding No. 3.) GOLUB CORPORATION, Appellant, v. COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Respondents. (Proceeding No. 4.) — Appeals from an order of the Supreme Court at Special Term, entered February 16, 1973 in Rensselaer County, which granted to respondents an extension of 12 weeks from the date thereof within which to file their appraisal reports in tax review proceedings. In these consolidated tax assessment review proceedings petitioners applied for an extension of time for the filing of appraisals required by rule 839.3 (e) of title 22 of the Official Compilation of Codes, Rules and Regulations (22 NYCRR 839.3 [e]). Respondents opposed the motion, and, in the alternative, requested a similar extension if the relief was granted. Special Term granted an extension therefor to all parties until March 9, 1972. On that date petitioners filed their appraisal reports. None were filed, however, by the respondents within the specified time limit, and on May 9, 1972 the Administrative Judge returned petitioners' appraisals with notice to respondents of their default. On February 7, 1973 the respondents moved before a different Special Term Justice for an order extending the time of the City to file its appraisals in the proceedings for a period of 12 months. In the supporting affidavit it was stated that a major reassessment of all properties in the City had recently occurred and as a result the City was flooded with tax review proceedings. It was also stated that due to other duties and a major illness of the City Assessor, he will have great difficulty in appraising the properties involved in the many tax review proceedings pending before the City. It was conceded that a prior order had extended the city's time to file appraisal reports to March 9, 1972. Special Term granted an extension to respondents of 12 weeks from February 16, 1973, the date of its order. While the action of Special Term in granting the order of extension does not constitute a review or reversal of the order of the first Special Term Justice, the better practice would have been to apply to the Justice who granted the original order. We note our disapproval of the procedure followed here. (CPLR 2217, subd. [a]; 2221.) In our opinion, however, from the moving papers it appears that the order appealed from was based on an application for modification on a showing of change of circumstances. Due to the alleged change of circumstances between the first and second motions, we cannot say that Special Term abused its discretion in granting the extension. Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.