◼   BUFFALO DOWNTOWN GARAGE, INC., Appellant-Respondent, v. WINFIELD ASSOCIATES, INC., et al., Respondents-Appellants.— Order unanimously affirmed, with costs.   Memorandum: Following the taking of proofs Supreme Court, Erie County granted an order awarding $700 damages and $20,000 punitive damages in favor of plaintiff against nonresident Illinois defendants who had defaulted in answering.   The defendants subsequently moved to reopen the default judgment and a Special Term Justice, other than the one who had heard the evidence and awarded the damages, granted the motion.   Such action was irregular and improper.   Where one Trial Judge takes proof to determine damages, it is not appropriate in the administration of justice for another co-ordinate Trial Judge to disturb, overrule or vacate the order in the same action, so long as the first Judge remains in office (Parker v. Rogerson, 33 A D 2d 284, 291; George W. Collins, Inc. v. Olsker-McLain Inds., 22 A D 2d 485, 489). CPLR 2221 (subd. 1) provides that a motion to vacate an order, "shall be made, on notice, to the judge who signed the order   *   *   *   except that  °   *   *   if the order was made upon a default such motion may be made, on notice, to any judge of the court" and it further provides that, "A motion made to other than a proper judge under this rule shall be transferred to the

proper judge." This rule should have governed the conduct of the Special Term Justice before whom the motion to vacate was made. We would reverse on that ground but for the fact that it appears from the record that the amount awarded for punitive damages included in the judgment is excessive. We affirm, therefore, because in the interest of justice it is necessary that such damages be assessed at a hearing at which defendants have an opportunity to be present and defend on that issue (*Monette* v. *Bonsall*, 29 A D 2d 839). We find in the record before us a sufficient excuse for the neglect in answering the complaint, an affidavit of sufficient merit and a proposed answer to the complaint. We agree that there was a purposeful business transaction in New York when defendants' principals came to Buffalo from Chicago to engage in financing a second mortgage on plaintiff's real property in New York. Such visit, although in response to a telephone call from plaintiff's representatives, was initiated in the first instance by advertisements regularly placed in the Wall Street Journal by defendants holding themselves out as mortgage brokers and available to transact business in New York and elsewhere. We conclude, as did the trial court, that this was sufficient to confer jurisdiction over defendants in New York (CPLR 302; *Parke-Bernet Galleries* v. *Franklyn*, 26 N Y 2d 13). (Appeal from part of order of Erie Special Term vacating judgment.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.