■ BENJAMIN MAGGIORE, Respondent, v DIANE MAGGIORE, Appellant.— Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, Stiller, J., for further proceedings in accordance with the following memorandum: On March 6, 1973 a Justice of the Supreme Court, Erie County, granted a judgment of divorce to the appellant wife from the respondent husband based on a claim of abandonment. Testimony was taken at a trial on that issue, and on the issues of custody of their infant child, visitation rights, alimony and support. Following the trial in which the husband did not contest his wife's counterclaim for divorce, she was awarded sole custody, visitation rights were fixed and the husband was ordered to pay $30 per week for the support of the wife and infant. In April, 1974 the husband sought custody of the infant and/or reasonable visitation rights on the basis that, since the prior judgment, his wife had intentionally impeded his visitation rights. These proceedings came on to be heard before another Justice of the Supreme Court, Erie County, in May, 1974. The second Justice proceeded to hold a hearing at which extensive testimony was taken in an attempt to clarify what it believed was an unworkable order respecting visitation rights, i.e., that if the two-and-a-half-year-old infant at the time of the divorce be taken from the wife's home, the husband's mother would have to be present to care for it. An opportunity was given the court to transfer the matter to the original Justice who had handled it. Rather than transferring it, the second Justice undertook to delineate reasonable visitation rights and struck from the order that part of the visitation provision which required the husband's mother to be present. Although it denied custody, the court then went on to make more extended visitation privileges for respondent. The first Justice had taken testimony, on the issue of visitation and made an order on that issue. The action of the second Justice in purporting to clarify or correct the judgment of the first Justice was an irregular and improper procedure *(Buffalo Downtown Garage v Winfield Assoc.,* 42 AD2d 820). The matter should have been referred to the Judge who signed the original judgment. Such is the settled practice *(Kamp v Kamp,* 59 NY 212, 215). It accords with the aim of sparing the time and effort of the second Justice to familiarize himself with a matter already familiar to a colleague. Deviating from this practice is wasteful of judicial time and, if countenanced, would cause confusion and vexatious litigation contraproductive to the orderly administration of justice (1 Carmody-Wait, N. Y. Practice, p 719). The rationale for the referral to the original Justice is

pointedly apt in a matrimonial case involving, as it does, so many complex human entanglements and requiring considerable investment of judicial time for a single Justice to educate himself. Even though the power to modify a judgment of another Judge may exist, the long-continued course of practice, recognized and enforced by the courts, prohibits its exercise in any but exceptional cases and where it is not feasible to send the matter to the Judge who made the original order *(Willard v Willard,* 194 App Div 123, 125). We, therefore, conclude that the failure of the second Justice in this case to refer the proceeding to the first Justice was an abuse of discretion which requires reversal *(Parker v Rogerson,* 33 AD2d 284, 291). (Appeal from order of Erie Trial Term modifying divorce decree.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.