■ JORDAN SHAMES, Appellant, v HOME INSURANCE COMPANY et al., Respondents.—In an action, *inter alia,* to declare that the Home Insurance Company is obligated to provide Jordan Shames with coverage and a defense pursuant to an excess insurance policy, the appeal is from a judgment of the Supreme Court, Suffolk County, entered July 18, 1978, which, *inter alia,* determined that Jordan Shames did not have the required underlying insurance to invoke the provisions of the excess insurance policy issued by the Home Insurance Company. Judgment affirmed, without costs or disbursements. We agree with Special Term that the exclusion, when read with the entire policy, clearly and unambiguously excludes any coverage as to land motor vehicles, unless the applicable underlying insurance is maintained. What appellant seeks, in effect, is to convert this personal excess and catastrophe policy into prime insurance for his motorcycle, for which no underlying insurance was maintained. This appellant cannot do. Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ SPENCER SHILLINGFORD et al., Respondents, v ALBERT G. ECKERT et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, dated January 18, 1979, which granted plaintiffs' motion for leave to serve and file an amended bill of particulars. Order affirmed, with $50 costs and disbursements. The amended bill of particulars does not seek to set forth new injuries, but merely expands upon "continuing * * * disabilities" alleged in the original bill of particulars. Thus, plaintiffs had a right to serve this amended bill of particulars (see CPLR 3043, subd [b]; L 1979, ch 590). Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.

■ ANDREW VOGEL, an Infant, by His Mother and Natural Guardian, MARILYN VOGEL, et al., Respondents, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN, Defendant, and ARTHUR RUBY et al., Appellants.— Order of the Supreme Court, Kings County, dated May 9, 1979, affirmed, with $50 costs and disbursements (see *Anker v Brodnitz,* 98 Misc 2d 148, affd 73 AD2d 589). Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ YVONNE P. WAGENMANN, Respondent, v RONALD E. WAGENMANN, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Kings County, dated June 22, 1979, which denied his motion to, *inter alia,* vacate and set aside a prior order of the same court directing the appointment of a receiver to effectuate the sale of certain marital real property. Order affirmed, with $50 costs and disbursements (see *Lansingburgh Realties v Commissioner of Assessments & Taxation of City of Troy,* 42 AD2d 646). Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.