PAUL PERONA *et al.*, Plaintiffs-Appellants, v. ILLINI HARBOR SERVICES, INC., Defendant-Appellee.

Third District   No. 3—84—0196

Opinion filed January 8, 1985.—Rehearing denied February 27, 1985.

Paul Perona, *pro se*, and Vincent D. Brolley, both of Perona, Perona & Tonozzi, of Spring Valley, for appellants.

Boyle, Goldsmith & Shore, of Hennepin, and Husch, Eppenberger, Donohue, Elson & Cornfeld, of St. Louis, Missouri, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

On February 24, 1984, the circuit court of Bureau County granted summary judgment in favor of defendant, Illini Harbor Services, Inc., and against Paul and Louis Perona, plaintiffs. On January 25, 1983, plaintiffs sued defendant for trespass to their property located in the riverbed of the Illinois River. The alleged trespass occurred when defendant moored barges over the plaintiffs' property. The trial court determined that mooring barges over the riverbed did not constitute trespass as a matter of law.

The property in question is a strip of land that runs along the river bottom of the Illinois River. The plaintiffs own neither the north nor the south riverbank. The defendant leased the land along the north bank from Ronald and Nancy Savitch, whose land undisputedly extended into the Illinois River at least 25 feet. (Defendant never conceded that its lessor did not own to the thread of the river, and because this is not a question before this court, we will not decide this issue.) The Savitchs, therefore, possessed the riparian rights by virtue of their ownership of the north riverbank. The defendant-lessee operated a grain elevator located on the north bank. Grain was shipped by barge from the defendant's elevator, and the barges carrying the grain were moored along the north bank while waiting to be loaded. The barges were secured by lines tied to deadmen or pilings driven into the ground about 100 feet north of the north bank on property leased by the defendant. There is no contention here that the riverbed to which plaintiffs claim ownership was physically invaded or disturbed, nor are there any allegations that the mooring of barges interfered with the navigability of the Illinois River.

The sole issue before this court is whether mooring barges over the riverbed property to which plaintiffs claim ownership constituted trespass to plaintiffs' property. We agree with the trial court that it did not.

Plaintiffs' basic contention is that parking barges is indistinguishable from such prohibited activities as removal of sand and gravel from the riverbed property of another (*Braxon v. Bressler* (1872), 64

Ill. 488) or hunting and fishing in navigable waters owned by a private party (*Schulte v. Warren* (1905), 218 Ill. 108, 75 N.E. 783). The defendant argues that because there is no physical invasion of plaintiffs' riverbed property the defendant had a right to moor its barges in the water above plaintiffs' property.

We find that parking or mooring barges awaiting loading or unloading is an activity incident to the right of navigation. The defendant tied the barges to pilings driven into the riverbank which it leased from the Savitchs. Therefore, there was no physical invasion of the riverbed owned by plaintiffs. It has long been established "that the property of a riparian owner in the bed of the river *** is subservient to the use of the public as a highway." (*Ensminger v. People ex rel. Trover* (1868), 47 Ill. 384.) Unlike such activities as removing sand and gravel from the riverbed owned by another or fishing from a stream owned by another which depletes the resources of the owner, barge traffic is exactly the type of commerce which the public right of navigation is meant to protect. The barges moored while awaiting loading although not in constant motion are still in the stream of commerce and have a right to park in the waters over plaintiffs' riverbed land so long as they do not obstruct another's right of navigation upon the Illinois River.

We, therefore, hold where there is no physical invasion of plaintiffs' riverbed property and no obstruction of the public's right of navigation, that defendant may moor his barges over the plaintiffs' property. Because defendant had a right to park barges over the plaintiffs' property, there was no trespass and we, therefore, affirm the decision of the circuit court of Bureau County.

Affirmed.

BARRY and SCOTT, JJ., concur.