■ FARMERS' PRODUCTION CREDIT ASSOCIATION OF OLEAN, Appellant, v FEINEN BROTHERS, INC., et al., Respondents, et al., Defendants.—Order unanimously reversed on the law without costs, and matter remitted to Supreme Court, Chautauqua

County (Adams, J.), for further proceedings, in accordance with the following memorandum: The individual defendants executed a promissory note in the amount of $52,849.01, but promised to pay all debts or obligations "now or hereafter existing". The note recited that it was given for $52,849.01 "and for future advances and indebtedness which may be made or arise from time to time" and that "[a]dvances, interest and other charges, and repayment shall be posted to an accounting record of the Association, which record shall evidence the amount owing and shall be admitted into evidence in any dispute arising out of this Note for the purpose of establishing the balance due". In a foreclosure action, Special Term (Adams, J.) implicitly held that the individual defendants were liable for future advances made by plaintiff to the corporate defendant, relying upon *Mohawk-Schoharie Prod. Credit Assn. v Wilber* (71 AD2d 720, *affd* 50 NY2d 983), and in its judgment of foreclosure, determined that plaintiff could recover any deficiency from the individual defendants. No appeal was taken from this judgment.

The judgment of foreclosure was final and binding as to all issues which were or could have been litigated in the action *(Aetna Life Ins. Co. v Avalon Orchards,* 118 AD2d 297, *appeal dismissed* 68 NY2d 997; *Gray v Bankers Trust Co.,* 82 AD2d 168, *lv denied* 58 NY2d 604). The liability of the individual defendants for advances made pursuant to the note was decided in the foreclosure action, and the court (Ricotta, J.) erred by denying plaintiff a deficiency judgment upon the ground that the face amount of the note had been paid. Moreover, because defendants raised issues that previously had been raised in the foreclosure action, the motion should have been transferred to the Judge who decided all prior matters in the action (CPLR 2221; Siegel, NY Prac § 448).

Defendants raised factual issues relating to the fair market value of the property, the fairness of the sale price and as a result, whether any deficiency should be imposed. These items were not resolved by the court and therefore, we remit this matter to Supreme Court, Chautauqua County (Adams, J.), for consideration of these issues and resolution of the motion. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—deficiency judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.