■ JAMES R. BAUMLER et al., Appellants, v TOWN OF NEW-STEAD, Respondent. [604 NYS2d 372] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The provisions of General Municipal Law § 50-i do not apply to a cause of action asserted against a town for inverse condemnation *(see,* Town Law § 67 [3]; *Borntrager v County of Delaware,* 76 AD2d 969, 970). We nevertheless affirm Supreme Court's dismissal of that cause of action. Assuming, arguendo, that the Town's conduct constituted an inverse condemnation of plaintiffs' properties, that conduct occurred in 1981 and the injuries allegedly were sustained in 1982. This action was commenced in 1989, at which time the inverse condemnation cause of action was time-barred *(see,* CPLR 213 [1]; *Matter of Clark v Water Commrs. of Amsterdam,* 148 NY 1, 8-9).

We modify the order, however, to reinstate the first and third causes of action. Compliance with sections 50-e and 50-i of the General Municipal Law is not required where a plaintiff seeks equitable relief to abate or enjoin a nuisance and incidentally seeks money damages for past conduct *(Dutcher v Town of Shandaken,* 97 AD2d 922, 923; *Watts v Town of Gardiner,* 90 AD2d 615; *Malcuria v Town of Seneca,* 84 AD2d 931, *mot to dismiss appeal granted* 55 NY2d 1037; *Fontana v Town of Hempstead,* 18 AD2d 1084, *affd* 13 NY2d 1134; *Grant v Town of Kirkland,* 10 AD2d 474). Plaintiffs' recovery of money damages is limited, however, to those damages incurred within one year and 90 days prior to commencement of this action *(cf., Malcuria v Town of Seneca,* 66 AD2d 421, 424). Defendant's reliance upon *Nebbia v County of Monroe* (92 AD2d 724) is misplaced. *Nebbia* did not involve a request for equitable relief. Moreover, the limitations period in Nebbia began to run from the happening of the event giving rise to the action *(see,* County Law § 52), not pursuant to the accrual rule applicable to actions commenced against towns *(see,* Town Law § 67; *Malcuria v Town of Seneca,* 84 AD2d 931, *supra; Grant v Town of Kirkland, supra,* at 477).

Plaintiffs failed to submit evidence sufficient to establish entitlement to judgment as a matter of law. The geological survey does not definitively establish that the Town's conduct in clearing and dragging the channel of Dorsch Creek was the cause of the diversion of the flow of water away from swallets or sink holes that recharged the aquifer constituting plaintiffs' source of well water. That survey reveals the results of a preliminary study and suggests the need for further study of

the cause(s) of the lower level of water supply. The affidavit of plaintiffs' expert, which apparently is not based upon an independent study and which merely affirms the preliminary findings stated in the geological survey, is not sufficient to establish proximate cause as a matter of law. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.