■ JAMES R. BAUMLER et al., Respondents, v TOWN OF NEW-STEAD, Appellant. [668 NYS2d 814] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting partial summary judgment on liability to plaintiffs on their causes of action for nuisance and interference with riparian rights. On a prior appeal, we denied plaintiffs' initial motion for partial summary judgment, which was based upon the affidavit of an expert in hydrogeology who relied upon data and conclusions reported in a geological survey (see, Baumler v Town of Newstead, 198 AD2d 777). No testimony was proffered concerning the testing performed in that survey or the conclusions drawn by persons who performed the survey, and the expert did not perform any independent testing that could confirm the data contained in the report. Thus, we concluded that the report and expert affidavit were insufficient to establish entitlement to judgment as a matter of law (see, Baumler v Town of Newstead, supra, at 777-778). Plaintiffs renewed the prior motion and on renewal submitted the same geological survey and expert affidavit. Additionally, plaintiffs submitted the affidavit of a different expert who likewise relied upon the data collected in the survey and did not conduct independent testing that could have confirmed that data. Because the evidence submitted by plaintiffs on renewal had no more probative value than that submitted on the initial motion, the court erred in granting plaintiffs partial summary judgment.

Moreover, even assuming, arguendo, that plaintiffs established that the conduct of defendant, Town of Newstead (Town), in diverting the flow of water in Dorsch Creek caused the reduction of water level in the aquifer that constituted the water supply for their drilled wells, plaintiffs failed to establish that such conduct constituted a nuisance or an interference with riparian rights. The complaint alleges that the Town intentionally and negligently diverted the flow of water. Plaintiffs failed to establish that the Town acted intentionally, i.e., that it diverted the flow of water for the purpose of reducing the water level in the aquifer or that it knew such a result was substantially certain to occur (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 571, rearg denied 42 NY2d 1102). The evidence submitted by plaintiffs establishes that the Town cleared the creek channel and diverted the flow of water in an attempt to alleviate recurrent seasonal flooding of properties

within the Town. Plaintiffs also failed to establish as a matter of law that the Town was negligent, i.e., that its conduct was unreasonable in character (*see, Murray v Young,* 97 AD2d 958; Restatement [Second] of Torts § 822, comment *i,* at 113-114). Whether the gravity of the harm to plaintiffs outweighed the benefits sought to be obtained by the Town in attempting to alleviate the recurrent flooding problem is a matter for the finder of fact.

With respect to the cause of action for interference with riparian rights, plaintiffs failed to establish that they are riparian owners along Dorsch Creek (*see, Matter of West 205th St.,* 240 NY 68, 72, *mot to amend remittitur denied* 240 NY 608; *Allen v Potter,* 64 Misc 2d 938, 939, *affd* 37 AD2d 691; *see generally,* Restatement [Second] of Torts §§ 841, 843; 107 NY Jur 2d, Water, § 4). There is no allegation that the Town withdrew and used for its benefit ground or subsurface water from the aquifer (*see,* Restatement [Second] of Torts § 858).

We further note that the motion to renew should have been transferred to the Justice who decided the prior motion (*see,* CPLR 2221). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.