OPINION OF THE COURT
John P. Lane, J.
This action, arising from an accident that occurred on *794 September 6, 1990, was commenced in May 1993. From its inception, the case was assigned to Honorable Robert E. Whelan. As of January 1, 2002, when Justice Whelan was transferred to the expedited Matrimonial Part of this court for Erie County, the case was reassigned to me.
In late 2001, while the case was still on his IAS calendar, Justice Whelan heard defendants’ motion pursuant to CPLR 3126 seeking an order dismissing the complaint. His decision granting defendants’ motion was issued after the case had been reassigned. Plaintiff has appealed the order entered on that decision and contemporaneously made the pending motion pursuant to CPLR 2221 seeking “vacatur, reargument and renewal” with respect to the motion heard and determined by Justice Whelan. Defendants have opposed plaintiffs motion and have cross-moved for an order transferring her motion to Justice Whelan. Defendants’ cross motion is granted for the reasons that follow.
CPLR 2221 provides in pertinent part:
“(a) A motion for leave to renew or to reargue a prior motion * * * or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he or she is for any reason unable to hear it * * * .
“(b) Rules of the chief administrator of the courts. The chief administrator may by rule exclude motions within a department, district or county from the operation of subdivision (a) of this rule.
“(c) A motion made to other than a proper judge under this rule shall be transferred to the proper judge.”
Section 202.8 (a) of the Uniform Rules for Supreme Court and County Court (22 NYCRR) requires that all motions be returnable before the assigned judge. The court may waive compliance with that rule for good cause and in the interests of justice (22 NYCRR 202.1 [b]). The provisions of the Uniform Rules shall be construed consistent with the CPLR (22 NYCRR 202.1 [d]). CPLR 2217 (a) provides that any motion may be referred to a judge who decided a prior motion in the action.
It has been the general rule that “a party cannot appeal from one judge to another of co-ordinate jurisdiction, by motion for relief, from an order or judgment against him, but must seek his remedy by appeal to a tribunal having appellate jurisdiction in the premises” (Kamp v Kamp, 59 NY 212, 215; Maggiore v Maggiore, 49 AD2d 1021). In Maggiore, the Fourth *795 Department stated that the practice of referring motions affecting an order or judgment made by another justice of the court “accords with the aim of sparing the time and effort of the second Justice to familiarize himself with a matter already familiar to a colleague. Deviating from this practice is wasteful of judicial time and, if countenanced, would cause confusion and vexatious litigation contraproductive to the orderly administration of justice” (id. [citation omitted]). While the Kamp and Maggiore decisions predate the IAS system, they are still good law (see Baumler v Town of Newstead, 247 AD2d 861; Farmers’ Prod. Credit Assn. of Olean v Feinen Bros., 144 AD2d 955).
The concept that continuity in judicial supervision of an action advances the expeditious disposition of the matter and avoids the waste of judicial time (see Maggiore, supra; accord Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69) supports waiving the application of section 202.8 (a) of the Uniform Rules in this case. Plaintiff’s reliance on the decision in Dalrymple, which involved a motion for leave to renew a prior motion that was affected by the trial readiness of the action, a subject upon which the former Justice was unaware, is misplaced. This motion seeks to set aside an order dismissing the complaint that is based upon a nine-year history of discovery disputes, enforcement proceedings and an earlier appeal to the Appellate Division, matters upon which Justice Whelan is well informed and I am not. As a consequence, the parties have presented to me for review a stack of papers including discovery demands and responses, transcripts of deposition testimony, copies of earlier orders and a five-volume record on appeal from the earlier order, all of which relate to proceedings in this case while it was assigned to Justice Whelan.
Other precedents upon which plaintiff relies are also inapposite. In Mullen v Flushing Hosp. (161 AD2d 748), a newly assigned justice denied a motion to dismiss the complaint for the plaintiff’s failure to comply with a conditional order made one year earlier by another justice for reasons that arose after the reassignment of the case. In Rodriguez v Aled Transp. Co. (147 AD2d 624), it appears that a motion to vacate an order denying the plaintiff’s motion to restore the action to the trial calendar had been properly addressed to the justice who made the order, who then referred it to another justice. Unlike the situation here, Billings v Berkshire Mut. Ins. Co. (133 AD2d 919, appeal dismissed 70 NY2d 1002) did not involve a motion *796 to renew or reargue requiring a new justice to review a nine-year history of discovery and other disputes between the parties. In Ministry of Christ Church v Mallia (129 AD2d 922, appeal dismissed 70 NY2d 746) the court held that the order made by the newly assigned justice in no way directly affected the order denying a motion to dismiss the complaint made by another justice.
In view of the exceptional history of this case, a rigid application of section 202.8 of the Uniform Rules is not in order. By exercising the authority found in section 202.1 (b) of the Uniform Rules and CPLR 2217 (a) to refer the motion to Justice Whelan, judicial economy and the orderly administration of justice will be advanced and the important principle underlying the Kamp rule will be served.