■ PARAMETRIC CAPITAL MANAGEMENT, LLC, et al., Appellants, v MICHAEL A. LACHER et al., Respondents. [791 NYS2d 10]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about December 3, 2003, which granted defendants' cross motion to the extent of dismissing the first, second, fourth, sixth, seventh and eighth causes of action in the amended complaint with prejudice, and dismissing the third and fifth causes of action with leave to replead when these claims become ripe, unanimously affirmed, with costs.

The third cause of action fails to plead the elements required to state a cause of action for legal malpractice at this time. Instead, the amended complaint attempts to cast a contractual fee dispute as one in tort. The claim is not sufficiently stated to demonstrate that the professional services of any of the defendant attorneys departed from the standards commonly exercised by legal practitioners in the community, nor to demonstrate damage to plaintiffs by defendants' acts or omissions in render-

ing legal services. Since the subject matter of those services (an arbitration proceeding) was still pending when the amended complaint was served, there was no adverse decision that—but for defendants' alleged negligence—would have been more favorable to plaintiffs (*see Kahan Jewelry Corp. v Rosenfeld*, 295 AD2d 261 [2002]).

The motion court properly granted plaintiffs leave to replead their fifth cause of action for breach of fiduciary duty. A claim for such breach would ripen only when plaintiffs are able to allege damages resulting from defendants' withdrawal from their representation in the arbitration proceeding.

We have considered plaintiffs' remaining arguments and find that the motion court properly dismissed the balance of the complaint with prejudice. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.