■ GREAT AMERICAN INSURANCE COMPANY, Appellant, v CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, Respondent. (And a Third-Party Action.) (Appeal No. 1.) [846 NYS2d 498]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 30, 2006. The order, insofar as appealed from, granted defendant's motion to vacate the judgment entered November 18, 2004.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, and the judgment entered November 18, 2004 is reinstated.

Memorandum: Plaintiff commenced this action seeking damages in the sum of $300,000 plus interest and costs on theories of breach of contract, negligence, and breach of fiduciary duty. Plaintiff previously moved for summary judgment on the complaint, and Supreme Court (Thomas A. Stander, J.), as relevant on appeal, granted plaintiff's motion on the theory of breach of fiduciary duty. We affirmed that part of the order granting plaintiff's motion (*Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.,* 23 AD3d 1025, 1027-1028 [2005], *lv dismissed* 7 NY3d 741 [2006]). In appeal No. 1, plaintiff, as

limited by its brief, appeals from a June 2006 order of Supreme Court (Kenneth R. Fisher, J.) insofar as it vacated the judgment entered pursuant to Justice Stander's order in the sum of $300,000 plus interest and costs. In appeal No. 2, plaintiff appeals from a September 2006 order of Justice Fisher that granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had sustained no loss or injury and denied plaintiff's cross motion for, inter alia, summary judgment on the complaint.

We note at the outset with respect to appeal No. 1 that Justice Fisher should have referred defendant's motion to vacate the judgment to Justice Stander. "The nature of a motion is determined by its substance, not prayer for relief" (*Elson v Defren*, 283 AD2d 109, 113 [2001]) and, here, the sole issue raised in defendant's motion was whether Justice Stander awarded damages to plaintiff when he granted plaintiff's motion for summary judgment. Defendant's motion should have been referred to Justice Stander pursuant to CPLR 2217 (a) because resolution of the motion was dependent upon Justice Stander's intent with respect to an award of damages (*see Carpenter v Browning-Ferris Indus.*, 192 Misc 2d 793 [2002]; *see also Farmers' Prod. Credit Assn. of Olean v Feinen Bros.*, 144 AD2d 955, 956 [1988]; *Lansingburgh Realties v Commissioner of Assessments & Taxation of City of Troy*, 42 AD2d 646 [1973]).

In any event, we conclude with respect to the merits of defendant's motion in appeal No. 1 that Justice Stander's order included an award of damages, as reflected in the judgment entered by plaintiff on November 18, 2004. First, defendant did not argue in opposition to plaintiff's motion that plaintiff had sustained no damages. Rather, the record establishes that defendant argued only that the amount of damages was "unclear." Moreover, implicit in the award of summary judgment to plaintiff is a determination that plaintiff sustained damages inasmuch as damages are a necessary element of a cause of action for breach of fiduciary duty (*see Parametric Capital Mgt., LLC v Lacher*, 15 AD3d 301 [2005]; *see also Kaufman v Cohen*, 307 AD2d 113, 125 [2003]).

Second, as further evidence that the judgment entered accurately reflects Justice Stander's intent to award damages to plaintiff, the record establishes that a copy of the judgment was forwarded to Justice Stander by plaintiff's counsel along with the proposed order and that the judgment was returned to plaintiff's counsel with the signed order. After entry of the judgment, a copy was served on counsel for defendant on December 1, 2004, with notice of entry, and defendant filed an undertak-

ing to stay enforcement of the judgment pending the appeal from Justice Stander's order. Defendant's motion in appeal No. 1 was not made until April 2006, 16 months after service of the judgment with notice of entry. Finally, the fact that the Court of Appeals dismissed defendant's motion for leave to appeal from our order "on finality grounds" is of no moment (*Great Am. Ins. Co.*, 7 NY3d 741 [2006]). The record contains a letter from the Clerk of the Court of Appeals (Clerk) to counsel for defendant inquiring whether the action was finally determined because neither Justice Stander's order nor the order of this Court set forth an award of damages, and the Clerk was advised of the pendency of defendant's motion to vacate the judgment (*see generally Burke v Crosson*, 85 NY2d 10, 13-18 [1995]). We therefore reverse the order vacating judgment insofar as appealed from, deny defendant's motion and reinstate the judgment.

In view of our determination in appeal No. 1, we reverse the order granting defendant's motion for summary judgment in appeal No. 2 and dismiss the motion and cross motion. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.