# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**299**

**CA 16-01520**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

DAVID H. PEELLE AND BAIBA PEELLE,
PLAINTIFFS-APPELLANTS,

V                                                  MEMORANDUM AND ORDER

TOWN OF IRONDEQUOIT, DEFENDANT-RESPONDENT.

---

THE ZOGHLIN GROUP, PLLC, ROCHESTER (BRIDGET A. O'TOOLE OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

LAW OFFICES OF JOHN WALLACE, ROCHESTER (DAVID F. BOWEN OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered December 1, 2015. The amended order, inter alia, denied in part the motion of plaintiffs for leave to serve an amended complaint.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking injunctive relief and monetary damages based upon flooding damage to their property allegedly caused by acts or omissions of defendant, Town of Irondequoit (Town). Plaintiffs alleged causes of action for, inter alia, negligence, trespass, nuisance, inverse condemnation, and constitutional takings. Plaintiffs moved for leave to serve an amended complaint, and the Town cross-moved to dismiss certain causes of action for failure to state a cause of action, and to dismiss all claims related to alleged flooding events that occurred in 2000, 2004, and 2005 on the ground that such claims were time-barred. Supreme Court granted in part and denied in part both the motion and cross motion, and we now affirm.

We agree with plaintiffs that the inverse condemnation and constitutional takings causes of action have a single accrual date, contrary to the implication of the court in its decision. "[A] de facto taking is a permanent ouster of the owner or permanent interference with his physical use, possession and enjoyment of the property by one having condemnation powers" (*Carr v Town of Fleming*, 122 AD2d 540, 541; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Stewart v State of New York*, 248 AD2d 761, 762), and thus a de facto taking cause of action accrues when that occurs, if at all. Indeed, once the taking occurs, there is no longer a trespass inasmuch as the

de facto taking is permanent and "a trespass is temporary in nature" (*Carr*, 122 AD2d at 541; *see Smith v Town of Long Lake*, 40 AD3d 1381, 1383).  Here, plaintiffs alleged theories of both trespass and a taking, and "the issue of whether the entry was a trespass or a taking must be resolved at trial" (*Carr*, 122 AD2d at 541; *see Stewart*, 248 AD2d at 763).

We reject plaintiffs' contention that, with respect to their takings causes of action, the court improperly rejected application of the stabilization doctrine as set forth in *United States v Dickinson* (331 US 745, 749).  That doctrine is used to determine the accrual date of certain takings claims that occur from a gradual process (*see Boling v United States*, 220 F3d 1365, 1370-1371).  Inasmuch as the court did not determine if a taking occurred and, if so, when the takings causes of action accrued or dismiss those causes of action in their entirety as untimely, however, there is no need to address whether the doctrine applies in this case.

Contrary to plaintiffs' further contention, the court did not fail to apply the continuous wrong doctrine to their causes of action for trespass and nuisance.  "[I]njuries to property caused by a continuing nuisance involve a 'continuous wrong,' and, therefore, generally give rise to successive causes of action that accrue each time a wrong is committed" (*Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1031, *rearg denied* 23 NY3d 934; *see Sova v Glasier*, 192 AD2d 1069, 1070).  In applying that doctrine, the court properly limited plaintiffs' recovery of monetary damages for trespass and nuisance to those incurred within one year and 90 days prior to the commencement of the action (*see Greco v Incorporated Vil. of Freeport*, 66 AD3d 836, 837; *Baumler v Town of Newstead*, 198 AD2d 777, 777).

We have considered plaintiffs' remaining contentions and conclude that none requires reversal or modification of the amended order.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court