Kegelman v Town of Otsego (2024 NY Slip Op 03859)

Kegelman v Town of Otsego

2024 NY Slip Op 03859

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-1395
[*1]Brian J. Kegelman et al., Appellants,
v
Town of Otsego, Respondent.

Calendar Date:June 5, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Brian J. Kegelman and Joan C. Kegelman, Fly Creek, appellants pro se.
McGivney Kluger Clark & Intoccia, PC, Syracuse (Robert J. Connor Jr. of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered June 22, 2023 in Otsego County, which, among other things, granted defendant's cross-motion for summary judgment dismissing the complaint.
Plaintiffs are the owners of property located in defendant Town of Otsego, Otsego County. Over a period of eight years, from 2006 through 2014, defendant altered the storm-water drainage systems along two roads that abut plaintiffs' property, which allegedly caused plaintiffs' property to flood intermittently during periods of heavy rain. Plaintiffs' concerns regarding these changes and the subsequent flooding events were made public in November 2014 when, at a meeting of defendant's Town Board, plaintiff Brian J. Kegelman indicated that the changes constituted an illegal taking of plaintiffs' property. According to the official minutes of that Town Board meeting, "Mr. Kegelman stated that due to Highway Superintendent's John Schallert's actions the Town of Otsego has [e]ffected an illegal taking of his property, which entitles him to compensation from the Town." Over the next several years, plaintiffs repeatedly corresponded with defendant and attended defendant's Town Board meetings regarding this issue. On March 7, 2016, Brian Kegelman sent written correspondence to defendant stating that based on "New York State case law . . . I am within my legal rights to file suit against [defendant] for inverse condemnation, and to seek damages for the highest and best use of my property" (emphasis omitted). In May 2017, plaintiffs — who are self-represented — filed a notice of claim against defendant for, among other things, continuing trespass and property damage caused by the claimed flooding.
Plaintiffs commenced this action in July 2019 seeking injunctive relief and asserting a cause of action to recover damages for inverse condemnation. Plaintiffs alleged that defendant's work in 2006, 2013 and 2014 resulted in excessive runoff of surface water onto their property, interfering with their ability to use or occupy the property and effectuating a taking. Receiving no answer from defendant, plaintiffs moved for a default judgment. Supreme Court denied the motion, and permitted defendant to serve a late answer, which decision this Court affirmed on appeal (203 AD3d 82 [3d Dept 2021], lv dismissed 38 NY3d 1124 [2022]). Defendant then answered, asserting various affirmative defenses, including the statute of limitations. Thereafter, plaintiffs moved to strike defendant's answer for failure to timely comply with discovery orders and defendant cross-moved for summary judgment dismissing the complaint, contending, among other things, that plaintiffs' cause of action was time-barred. Supreme Court denied plaintiffs' motion to strike and granted defendant's cross-motion for summary judgment, finding that, among other things, plaintiffs' complaint was time-barred. Plaintiffs appeal.
We affirm. "In a modern inverse condemnation action, an owner whose property [*2]has been taken de facto may sue the entity that took it to obtain just compensation" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 786 [2012]). An action to recover damages for inverse condemnation must be commenced within three years from the time of the taking (see CPLR 214 [4]; Corsello v Verizon N.Y., Inc., 18 NY3d at 787; see also Savo v City of New York,208 AD3d 1377, 1378 [2d Dept 2022]). However, according to the stabilization doctrine, "when the Government chooses not to condemn land but to bring about a taking by a continuing process of physical events, the owner is not required to resort either to piecemeal or to premature litigation to ascertain the just compensation for what is really taken" (United States v Dickinson, 331 US 745, 749 [1947] [internal quotation marks omitted]; see Peelle v Town of Irondequoit, 148 AD3d 1761, 1762 [4th Dept 2017]). Rather, the plaintiff may "postpon[e] suit until the situation becomes stabilized" (United States v Dickinson, 331 US at 749).
Here, defendant made a prima facie showing of entitlement to judgment as a matter of law on the ground that the action was time-barred (see CPLR 214 [4]; Corsello v Verizon N.Y., Inc., 18 NY3d at 787). In response thereto, plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether they actually commenced the action within the applicable limitations period (see Colucci v Rzepka,209 AD3d 1205, 1207 [3d Dept 2022], lv denied 39 NY3d 909 [2023]). By plaintiffs' own admissions at the November 2014 Town Board meeting, the physical processes that allegedly brought about defendant's taking of plaintiffs' property had sufficiently stabilized to warrant their inverse condemnation claim at that time (see United States v Dickinson, 331 US at 749; Peelle v Town of Irondequoit, 148 AD3d at 1762). Thus, this action, which was not filed until July 10, 2019, was commenced beyond the three-year statute of limitations. As such, Supreme Court properly granted that branch of defendant's motion which was for summary judgment dismissing the complaint as time-barred (see CPLR 214 [4]; Corsello v Verizon N.Y., Inc., 18 NY3d at 787).[FN1]
In light of our determination, we need not address defendant's alternate ground for affirmance.
Pritzker, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We also point out that even if Supreme Court assumed that the March 7, 2016 letter by plaintiffs — containing statements threatening legal action based on defendant's alleged illegal taking — had served to establish the accrual date for this action, plaintiffs' July 10, 2019 commencement still would fall outside the governing statute of limitations.